**COMMONWEALTH of Pennsylvania,
Appellee**

**v.**

**Scott Charles TOBIN, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 18, 2014.

Filed April 1, 2014.

Deborah Albert–Heise, Tunkhannock, for appellant.

Jeffrey Mitchell, District Attorney, Tunkhannock, for Commonwealth, appellee.

BEFORE: BOWES, OLSON, and FITZGERALD,* JJ.

OPINION BY BOWES, J.:

Scott Charles Tobin appeals from the judgment of sentence of fifteen to sixty months incarceration imposed by the trial court after he pled guilty to possession with intent to deliver ("PWID") marijuana. We vacate and remand for imposition of a Recidivism Risk Reduction Incentive ("RRRI") minimum sentence.

The Commonwealth charged Appellant with PWID, conspiracy to commit PWID, possession of marijuana, possession of drug paraphernalia, and three counts each of corruption of minors, and recklessly endangering another person ("REAP"). After undergoing an oral colloquy, Appellant entered a guilty plea to the PWID charge only. Specifically, Appellant admitted to possessing with intent to deliver twenty marijuana plants. This was Appellant's first offense. As a result of the plea agreement, the Commonwealth withdrew the remaining charges. The court, after considering a pre-sentence investigation report, a sentencing memorandum filed by Appellant, and listening to Appellant, sentenced Appellant on March 13, 2013, to fifteen to sixty months incarceration.[1] Appellant filed a timely motion for modification, contending that his aggravated range sentence was improper. He averred that there were no facts in the record demonstrating that he was a threat to the public, or that the severity of the offense warrant-ed an aggravated sentence. Appellant also challenged the court's reasoning that he committed the offense in the presence of his three children. According to Appellant, the record showed that his children were thriving and honor roll students. The sentencing court denied that motion, and this appeal ensued.

The court directed Appellant to file and serve a Pa.R.A.P.1925(b) concise statement of errors complained of on appeal. Appellant's plea counsel withdrew and the court appointed present counsel. Substitute counsel requested and was granted an extension to file a concise statement. Appellant timely filed his concise statement, and the court authored its Pa.R.A.P. 1925(a) opinion. Therein, the court indicated that it sentenced Appellant in the aggravated range based on his lack of remorse and because he operated a sophisticated marijuana growing operation in the presence of his three children. The matter is now ripe for our review. Appellant presents two issues for this Court's consideration.

A. Whether the sentencing court abused its discretion by considering allegations which formed the basis of charges *nolle prossed* pursuant to Appellant's plea agreement as a factor justifying enhancing his sentence.

B. Whether the Appellant's sentence is illegal in that it violates his due process rights as embodied in the Fourteenth Amendment of the United States Constitution and Ar-

---

* Former Justice specially assigned to the Superior Court.

1. The court incorrectly concluded that Appellant was ineligible for the Recidivism Risk Reduction Incentive ("RRRI") program based on the applicability of the drug mandatory minimum at 18 Pa.C.S. § 7508(a)(1)(i). *See Commonwealth v. Hansley*, 616 Pa. 367, 47 A.3d 1180 (2012). Appellant has not challenged his sentence in this regard. However, this Court has construed RRRI eligibility as an illegal sentencing issue. *Commonwealth v. Robinson*, 7 A.3d 868 (Pa.Super.2010). We address this concern in the body of this opinion. We add that since Appellant pled guilty and admitted to possession of twenty marijuana plants there is no *Alleyne v. United States*, —— U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), concern.

ticle I § 9 of the Pennsylvania Constitution because his sentence was enhanced upon consideration of allegations which formed the basis of charges that were nolle prossed pursuant to his plea agreement.

Appellant's brief at 4.

▮ Appellant's initial issue relates to the discretionary aspects of his sentence. This Court recently reiterated that, "[t]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Cartrette*, 2013 PA Super 325, 83 A.3d 1030, 1042 (*en banc*). Instead, "an appeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." *Id.* Further, to properly preserve such a claim for appellate review, the defendant must present the issue in either a post-sentence motion or raise the claim during the sentencing proceedings. *Id.* In addition, the defendant must "preserve the issue in a court-ordered Pa.R.A.P. 1925(b) concise statement and a Pa.R.A.P. 2119(f) statement." *Id.*

▮ Instantly, Appellant did not precisely level the issue made in his Pa.R.A.P. 1925(b) statement or on appeal in his post-sentence motion. Nonetheless, a fair reading of his motion to modify could encompass his position. Accordingly, we find that Appellant adequately preserved his discretionary sentencing claim before the sentencing court. In addition, Appellant has included within his brief a Rule 2119(f) statement. Appellant submits that imposing a sentence in the aggravated range based on allegations that were *nolle prossed* presents a substantial question for review. According to Appellant, both *Commonwealth v. Miller*, 965 A.2d 276 (Pa.Super.2009), and *Commonwealth v. Stewart*, 867 A.2d 589 (Pa.Super.2005),

support his position that he has raised a substantial question. We agree, and proceed to the merits of his contention.

▮ Appellant maintains that this case is governed by *Stewart, supra*. In *Stewart*, this Court concluded that "a manifest abuse of discretion exists when a sentence is enhanced due to charges that have been *nolle prossed* as part of a plea agreement, because notions of fundamental fairness are violated." *Id.* at 593. Therein, the sentencing court stated at sentencing that the **"sentence is in the aggravated range because two counts of IDSI.... have been nolle prossed as well as another count of statutory sexual assault."** *Id.* at 593 (quoting sentencing court) (emphasis in original). Since the trial court explicitly relied upon *nolle prossed* charges, and the record did not indicate what sentence the court would have imposed absent considering those charges, and the sentencing judge could no longer explain its sentence due to retirement, we vacated the sentence.

Concomitantly, Appellant distinguishes this case from *Miller, supra*. In that case, the defendant pled guilty to third-degree murder based on shooting the victim in the head. The court imposed a standard range sentence of fifteen to forty years incarceration. As part of the plea agreement, the Commonwealth withdrew charges of aggravated assault, arson, and tampering with evidence. The arson and tampering with evidence claims related to the burning of the victim's residence.

This Court found that,

[c]ontrary to [Miller's] assertion that the trial court improperly considered the charge of arson that was *nolle prossed* as part of the plea agreement, we do not find that the court's mere reference to the fact that the lives of firefighters and police were at risk due to [the victim's]

residence being ablaze when these individuals arrived on the scene indicates that the court specifically considered the charge of arson and enhanced [Miller's] sentence based thereon.

*Miller, supra* at 280.

Appellant argues that the sentencing court did not merely reference the "allegations underpinning the *nolle prossed* counts of Corruption of Minors and Recklessly Endanger[ing] Another Person[.]" Appellant's brief at 15 (italics added). Rather, Appellant suggests that the "only cognizable reason for the enhancement was the presence of the Appellant's children in the home where he grew marijuana." Appellant's brief at 15. In this respect, Appellant points out that the nature of the offense and risk to the community were incorporated into the standard guideline ranges. He adds that the sentencing court only belatedly referenced his lack of remorse in its opinion and did not place this reason on the record at sentencing.

The Commonwealth counters that the sentencing court's reference to Appellant's children's presence "is not a reference to a *nolle prossed* charge, but acquired from information in the pre-sentence investigation report." Commonwealth's brief at 3. In its view, the sentencing court appropriately considered Appellant's lack of remorse, the safety of the public, and the presence of his children in the home where he was operating his marijuana growing business.

We note that the *Stewart* Court opined that, "The record before us reflects that the trial court considered many factors in imposing sentence. The court's reference to the counts that had been *nolle prossed* does not lead to the immediate conclusion that the trial court manifestly abused its discretion in imposing the sentence that it did." *Stewart, supra* at 593. Despite this finding, the *Stewart* panel vacated the sen-

tence because clarification by the sentencing court was not possible.

While it is apparent that *Stewart* precludes imposition of an enhanced sentence based solely on *nolle prossed* charges, here, the sentencing court did not reference the corruption of minors or REAP charges. Appellant maintains that this is a distinction without a difference since it implicitly was referring to these allegations; we cannot agree. As in *Miller*, we do not find reference to the children's presence indicates that the sentencing court was expressly considering the *nolle prossed* charges. That the children were present in the home along with the marijuana does not *ipso facto* mean that Appellant committed REAP or corruption of minors. Moreover, Appellant utilized his role as a good father to his children as mitigating evidence. The court, therefore, could consider Appellant's role as a father in determining whether to mitigate or aggravate his sentence. Consideration of the children being in Appellant's home was not improper.

Appellant's second claim is almost identical to his first except he labels it as an illegal sentencing claim. In this respect, he contends that his due process rights were violated by the court's alleged consideration of the *nolle prossed* charges. Appellant asserts that Superior Court precedent is ambiguous as to "whether a challenge to a sentence enhanced due to charges *nolle prossed* pursuant to a plea agreement sounds in 'legality' or 'discretionary aspects[.]' " Appellant's brief at 19.

■ We reject Appellant's position that his constitutional due process issue equates to an illegal sentencing claim. *See Commonwealth v. Hartz*, 367 Pa.Super. 267, 532 A.2d 1139, 1142 (1987) (Cirillo, P.J. concurring) (collecting Pennsylvania Supreme Court cases finding various con-

stitutional sentencing claims, including due process challenges, waived); *see also Commonwealth v. Wallace,* 368 Pa.Super. 255, 533 A.2d 1051 (1987). Simply evoking the magic words "due process" does not transform a sentencing claim into an illegal sentencing issue. *Commonwealth v. Robinson,* 931 A.2d 15 (Pa.Super.2007) (*en banc*).[2] As we noted recently, not "all constitutional cases implicating sentencing raise legality of sentence concerns." *Commonwealth v. Watley,* 81 A.3d 108, 118 (Pa.Super.2013) (*en banc*); *see also Commonwealth v. Jacobs,* 900 A.2d 368, 373 n. 6 (Pa.Super.2006) (*en banc*).

■ Admittedly, "a precise definition of an illegal sentence has eluded both this Court and our Supreme Court." *Commonwealth v. Cartrette,* 2013 WL 6821398, *12 n. 5 (*en banc*); *Watley, supra* at 118 ("we acknowledge that both currently and in the past, Pennsylvania courts have struggled with the concept of illegal sentences."); *see also Commonwealth v. Mattison,* 82 A.3d 386, 402 n. 13 (Pa.2013); *Commonwealth v. Spruill,* —— Pa. ——, 80 A.3d 453, 460–461 (2013); *Commonwealth v. Archer,* 722 A.2d 203 (Pa.Super.1998) (*en banc*); *Commonwealth v. Foster,* 960 A.2d 160 (Pa.Super.2008), *affirmed,* 609 Pa. 502, 17 A.3d 332 (2011) (OAJC). A general definition of an illegal sentence is one that exceeds the jurisdiction or power of the sentencing court to impose. *See Commonwealth v. Vasquez,* 560 Pa. 381, 744 A.2d 1280, 1284 (2000) ("When a trial court imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction."). A plurality of the Pennsylvania Supreme Court has also reasoned,

> Consistent, then, with this Court's jurisprudence in this area of the law throughout the years, legality of sentence issues occur generally either: (1) when a trial court's traditional authority to use discretion in the act of sentencing is somehow affected, *see e.g. In re M.W.,* 725 A.2d at 731 (holding that, when a sentencing issue "centers upon a court's statutory authority" to impose a sentence, rather than the "court's exercise of discretion in fashioning" the sentence, the issue raised implicates the legality of the sentence imposed); and/or (2) when the sentence imposed is patently inconsistent with the sentencing parameters set forth by the General Assembly.

*Foster,* 17 A.3d at 342. Of course, this definition did not garner a majority.

The two most basic and classic examples of an illegal sentence are sentences that exceed the statutory maximum and a sentence imposed by a court without jurisdiction. In *Watley,* we opined that "only [a] narrow class of cases .... such as double jeopardy,[3] *Apprendi* challenges, mandatory minimum sentencing, and other traditional illegal sentencing claims pertaining to sentences that exceed the statutory maximum," are considered legality of sentence issues. *Watley, supra* at 118 (footnote and citation omitted). This list is not exhaustive.

---

**2.** This author joined the dissent of Judge Klein in *Commonwealth v. Robinson,* 931 A.2d 15 (Pa.Super.2007) (*en banc*), and concurred in the result of the dissent of Judge, now President Judge Emeritus Bender. The issue in *Robinson,* 931 A.2d 15, was whether a claim of a vindictive sentence was a legality of sentence issue.

**3.** In *Commonwealth v. Kelly,* 78 A.3d 1136 (Pa.Super.2013), we noted that double jeopardy merger claims in the 1970's frequently were held to be waivable, but that subsequent jurisprudence has consistently considered double jeopardy and merger issues as relating to the legality of a person's sentence.

Other legality of sentence issues include the failure to grant appropriate credit for time served, violations of the minimum-maximum sentencing requirement, merger claims, *see Jacobs, supra* (collecting cases related to aforementioned categories), imposing a sentence absent jurisdiction, *Commonwealth v. Quinlan,* 433 Pa.Super. 111, 639 A.2d 1235 (1994), the prohibition against cruel and unusual punishment, *Commonwealth v. Robinson,* —— Pa. ——, 82 A.3d 998, 1020 (2013); *Commonwealth v. Henkel,* 938 A.2d 433 (Pa.Super.2007), a claim that no record of a defendant's ability to pay a fine before the court exists, *Commonwealth v. Boyd,* 73 A.3d 1269, 1273 (Pa.Super.2013) (*en banc*), a challenge to the trial court's authority to impose restitution, *In re M.W.,* 555 Pa. 505, 725 A.2d 729, 731 n. 4 (1999), and failure to impose a RRRI sentence. *Commonwealth v. Robinson,* 7 A.3d 868 (Pa.Super.2010).[4]

■■■■ Careful consideration should be paid to determining when a claim pertains to an illegal sentence or if it is more accurately considered a waivable issue that presents a legal question. *See Commonwealth v. Berry,* 877 A.2d 479, 483 (Pa.Super.2005) (*en banc*); *see also Archer, supra; Foster, supra* at 350 (Pa.2011) (OAJC) (Castille, C.J. concurring) (discussing that discretionary sentencing and illegal sentencing dichotomy is incomplete and a third category of sentencing issues can exist); *Robinson,* 931 A.2d 15 (Bender, J. dissenting) (arguing in favor of recognizing more than two categories of sentences). Improper consideration of a sentencing factor does not make a sentence illegal, as a court may still have both the authority and discretion to impose the sentence. *See Commonwealth v. Krum,* 367 Pa.Super. 511, 533 A.2d 134, 136 (1987) (*en banc*). Since we have previously concluded that the sentencing court did not err in considering the presence of Appellant's children in his home while a marijuana growing operation was occurring, Appellant's issue fails.

■■■■ However, as we have alluded to previously, the sentencing court incorrectly determined that Appellant was ineligible for the RRRI program based on the applicability of a mandatory minimum statute. In *Commonwealth v. Hansley,* 616 Pa. 367, 47 A.3d 1180 (2012), our Supreme Court rejected the Commonwealth's argument that RRRI cannot be imposed where the defendant is subject to a drug mandatory minimum sentence which is not included among the RRRI statute's precluded offenses. Although Appellant has not raised this contention, this Court in *Robinson,* 7 A.3d 868, concluded that a defendant's challenge relative to the failure to apply a RRRI minimum was a non-waivable illegal sentencing claim. Of course, in *Robinson,* the defendant raised the issue in a motion to modify his sentence and briefed and argued the claim on appeal.

4. The rationale for concluding that RRRI eligibility is an illegal sentencing issue rests on the grounds that the RRRI statute declares that a court "shall" determine eligibility. *Commonwealth v. Robinson,* 7 A.3d 868, 871 n. 2 (Pa.Super.2010). Similar use of the word "shall," nonetheless, appears in discussing a trial court's obligation to consider the sentencing guidelines as well as state the reasons for the sentence imposed, *see* 42 Pa.C.S. § 9721, which are not considered legality of sentence concerns. Succinctly put, the use of the word "shall" in a sentencing statute is far from dispositive of whether a claim relates to an illegal sentence. *See Commonwealth v. Schutzues,* 54 A.3d 86 (Pa.Super.2012); *Commonwealth v. Cappellini,* 456 Pa.Super. 498, 690 A.2d 1220, 1228 (1997) (despite 42 Pa. C.S. § 9721(b) providing, "the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed" the court concluded that a claim that the court did not provide its reasons for sentencing constituted a discretionary sentencing claim).

 This case highlights the problems with construing all RRRI eligibility questions as non-waivable illegal sentencing matters and not a waivable legal question since Appellant at no time preserved this argument before the sentencing court, did not adequately raise the issue, nor does he present the issue in his brief. Further, RRRI eligibility does not restrict the court's authority in imposing a minimum sentence but only may affect the parole ramifications of the minimum sentence. *See Hansley, supra* at 1188 ("Although the court imposes an RRRI Act minimum sentence, the offender is not guaranteed a right to be granted parole upon the expiration of that term.").

 *Hansley* also calls into question the viability of a blanket holding that all matters involving RRRI relate to the legality of a sentence. Certainly, imposition of a RRRI minimum sentence, which is less than the mandatory minimum sentence otherwise applicable, does not result in an illegal sentence where the defendant is an eligible offender. *Id.* at 1189. Of course, *Robinson,* 7 A.3d 868, is distinguishable from *Hansley.* In *Hansley,* the sentencing court imposed a RRRI sentence; whereas, in *Robinson,* and herein, the court did not deem the person eligible for RRRI.

The RRRI statute does prohibit certain drug offenders from being eligible offenders. Individuals are ineligible for RRRI if they are "convicted of violating section 13(a)(14), (30) or (37) of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, where the sentence was imposed pursuant to 18 Pa.C.S. § 7508(a)(1)(iii), (2)(iii), (3)(iii), (4)(iii), (7)(iii) or (8)(iii) (relating to drug trafficking sentencing and penalties)." 61 Pa.C.S. § 4503(6); *see also Hansley, supra* at 381–382. Appellant does not fall within this class of ineligible offenders.

 It is legal error to fail to impose a RRRI minimum on an eligible offender. Separate from legal error, *Robinson,* 7 A.3d 868, also holds that it is an illegal sentence to fail to impose a RRRI minimum, which is subject to *sua sponte* correction. In light of *Robinson,* we must vacate Appellant's sentence and remand for imposition of a RRRI minimum.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.