J-S27020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HOLLY ANN WOLF | |
| Appellant | No. 2342 EDA 2014 |

Appeal from the Judgments of Sentence entered August 1, 2014
In the Court of Common Pleas of Chester County
Criminal Division at Nos:
CP-15-CR-0001224-2014
CP-15-CR-0001357-2014
CP-15-CR-0001850-2014

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                 **FILED JUNE 15, 2015**

Appellant, Holly Ann Wolf, appeals from the judgments of sentence entered for her convictions of burglary and other crimes.  She challenges the trial court's refusal to make her eligible for a reduced minimum sentence under the Recidivism Risk Reduction Incentive (RRRI) Act.[1]  We hold that the trial court correctly refused to make Appellant RRRI eligible, based on her two convictions of first-degree burglary, which constitute a history of violent behavior.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 61 Pa.C.S.A. §§ 4501-12.

On August 1, 2014, Appellant entered guilty pleas in the three cases subject of this appeal, and admitted to violating her probation in a fourth case. Notably, she pled guilty to two counts of first-degree burglary. 18 Pa.C.S.A. § 3502(a)(1) and (2).[2] Under the negotiated plea, Appellant received an aggregate sentence of four to ten years in prison followed by five years of probation. Appellant requested to be made RRRI eligible, under which her minimum sentence of incarceration would instead have been 40 months. The Commonwealth objected, arguing that Appellant's first-degree burglary convictions rendered her ineligible for RRRI. The trial court agreed, and denied Appellant's request. This appeal followed.

The issue on appeal is whether Appellant's two convictions of first-degree burglary constitute a "history of present or past violent behavior" making her ineligible for RRRI. *See* Appellant's Brief at 4. "It is legal error to fail to impose a RRRI minimum [sentence] on an eligible offender." ***Commonwealth v. Tobin***, 89 A.3d 663, 670 (Pa. Super. 2014). Sentencing legality issues cannot be waived and may be raised by this Court

---

[2] Burglary is either a first- or second-degree felony. First-degree burglary is any burglary committed where at least one of the following is present (i) the burglarized structure is adapted for overnight accommodation; (ii) a person is present inside the burglarized structure at the time of the burglary; or (iii) the burglar intends to commit theft of a controlled substance or designer drug. 18 Pa.C.S.A. § 3502(a) and (c).

*sua sponte*.[3]  ***Commonwealth v. Robinson***, 7 A.3d 868, 870-71 (Pa. Super. 2010).   The legality of a sentence is a question of law. ***Commonwealth v. Clarke***, 70 A.3d 1281, 1284 (Pa. Super. 2013).  Issues of statutory construction are also questions of law.  ***Commonwealth* ex rel. *District Attorney of Blair County (In re Buchanan)***, 880 A.2d 568, 570 (Pa. 2005).  Because Appellant raises only questions of law, our standard of review is *de novo*, and our scope of review is plenary.   ***See Commonwealth v. Chester***, 101 A.3d 56, 60 (Pa. 2014).

Under the RRRI Act, the sentencing judge must determine whether the defendant is an "eligible offender."   61 Pa.C.S.A. § 4505(a); ***see*** 42 Pa.C.S.A.   § 9756(b.1).    If   the   defendant   is   RRRI-eligible,   or   the Commonwealth waives eligibility, the defendant receives an RRRI-minimum sentence, which is 3/4 of the minimum sentence if the minimum sentence is three years or less, or 5/6 of the minimum sentence if (as here) the minimum sentence is greater than three years.  61 Pa.C.S.A. § 4505(a)-(c).

Among other requirements not relevant in this case, the RRRI Act defines eligible offender as an offender who "(1) [d]oes not demonstrate a history of present or past violent behavior."  ***Id.*** § 4503.  In **Chester**, our Supreme Court held that a conviction of first-degree burglary is "violent

---

[3] Curiously, the Commonwealth claims Appellant waived her argument. ***Robinson***, 7 A.3d at 870-71 (holding RRRI-eligibility claims are not subject to waiver), originated in the same county as this case.

behavior" as a matter of law. *Chester*, 101 A.3d at 63-65 (explaining that common-law burglary was, and first-degree burglary is, viewed as a violent crime). It further held that "**multiple** first-degree burglary convictions are more than sufficient to form a 'history' of 'violent behavior' under [61 Pa.C.S.A. §] 4503(1)." *Id.* at 65 (emphasis in original).

*Chester* is legally indistinguishable from this case. Therefore, we hold that Appellant's two first-degree burglary convictions constitute a "history" of "violent behavior." In other words, § 4503(1) unambiguously excludes Appellant from the definition of "eligible offender." In arguing that the word "history" contemplates a temporal lapse between multiple events of violent behavior, Appellant would have us create ambiguity where there is none. In addition, she fails to distinguish *Chester*, which held that, at a minimum, **multiple** prior events constitute a "history." *Chester*, 101 A.3d at 65. Appellant's two convictions of first-degree burglary constitute multiple events and, therefore, a history.

Appellant contends further that we should interpret the RRRI Act broadly in her favor to advance the RRRI Act's "main objective"—prevention of recidivism. Appellant's Brief at 12. This Court, however, must apply the statute as written, and we cannot disregard unambiguous language in favor of pursuing policy objectives. *See* 1 Pa.C.S.A. § 1921(b); *see also Commonwealth v. Cahill*, 95 A.3d 298, 303 (Pa. Super. 2013) ("We may not arrogate to ourselves some magical power judicially to 'improve' the work done by the legislature."). Also, because § 4503(1) is unambiguous,

we decline Appellant's invitation to apply the rule of lenity, **id.** § 1928(b)(1). The rule of lenity does not supersede the "more general principle that the words of a statute must be construed according to their common and approved usage." **Commonwealth v. Wilgus**, 40 A.3d 1201, 1210 (Pa. 2012) (quotation omitted); **accord Salinas v. United States**, 522 U.S. 52, 66 (1997) ("The rule [of lenity] does not apply when a statute is unambiguous or when invoked to engraft an illogical requirement to its text.").

Appellant's two convictions of first-degree burglary constitute a "history" of "violent behavior," and hence, the trial court did not err in finding her ineligible for RRRI. For these reasons, we affirm the judgments of sentence.

Judgments of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2015