J. S54036/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| HOLLY SHAUGHNESSY, | : | |
| | : | |
| Appellant | : | No. 655 EDA 2015 |

Appeal from the Judgment of Sentence February 5, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0016015-2010

BEFORE: BOWES, PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED OCTOBER 21, 2015**

Appellant, Holly Shaughnessy, appeals from the judgment of sentence entered in the Mental Health Court program of the Philadelphia Court of Common Pleas following the second revocation of her probation. Appellant argues her sentence of 3½ to 10 years' imprisonment is excessive because she committed only technical violations and her particular circumstances did not warrant a state sentence. We affirm.

On April 21, 2011, in the instant case, Appellant pleaded guilty to burglary[1] and received a sentence of 11½ to 23 months' imprisonment, to be followed by 6 years' probation. "Appellant was ordered to be supervised

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3502(a).

by the Mental Health Unit and was ultimately transferred to Mental Health Court (MHC) for supervision." Trial Ct. Op., 5/11/15, at 1-2.

The trial court summarized the ensuing procedural history as follows. On September 1, 2011, Appellant pleaded guilty to simple assault and recklessly endangering another person,[2] and received a sentence of 11½ to 23 months' imprisonment, "with parole to program once a bed [was] available," to be followed by 2 years' probation. "On December 8, 2011, Appellant was paroled to Gaudenzia Broad Street, a residential treatment facility." *Id.* at 2.

> As is procedure in MHC, Appellant was scheduled for status of mental health and treatment hearings at regular intervals to monitor [her] compliance and progress. Appellant did make strides toward her discharge, but admitted to [the] probation [department] that she violated house rules by having intercourse with other patients that resulted in loss of privileges on August 21, 2012.
>
> By the September 28, 2012 hearing date, Appellant became compliant at the program, and on March 10, 2013, she moved to a recovery house . . . .
>
> It was reported that on the June 10, 2013 status hearing date, Appellant tested positive for crack cocaine. She was placed on weekly reporting with probation-with a 90 day black out at Women Walking in Victory, her treatment and housing facility. On July 8, 2013, [the] probation [department] learned that Appellant was dismissed from the program for initiating an argument, she was required to serve several jury box sanctions[3], and

---

[2] 18 Pa.C.S. §§ 2701, 2705.

[3] A jury box sanction, usually imposed for a minor infraction, requires the defendant to observe court proceedings for a specified amount of time.

later approved to stay with her brother, Mike Shaughnessy.

On August 16, 2013, Appellant tested positive for opiates. In response, Appellant provided a copy of discharge paperwork from Temple Hospital for alleged back pain that showed she was given prescriptions for Vicodin and Motrin. Appellant stated that her brother held the medication because of her drug history. However, when [the] probation [department] contacted her brother, he claimed Appellant never told him she was prescribed anything and didn't give him any prescriptions to hold. Subsequently, Appellant was a given custody sanction for the positive drug screen and for being dishonest in her response to the Court. On November 15, 2013, Appellant was instructed to enroll in an inpatient program after another positive drug test.

On April 16, 2013, Appellant was compliant and received a completion certificate for the Dialectical Behavioral Therapy (DBT) group. On June 6, 2013, Appellant tested positive again for opiates, and was given a two week custody sanction. On October 31, 2013, Appellant was compliant with treatment program.

On January 09, 2014, Appellant tested positive for opiates, and was ordered to serve a week custody sanction on January 30, 2014. On March 13 and April 17, 2014, Appellant was compliant with program.

On June 19, 2014, Appellant tested positive for opiates, and served jury boxes and a weekend sanction. On June 30, 2014, probation received a call from Appellant who stated she got high in an attempt to commit suicide. Arrangements were made with her case management team for her to report to Community Treatment Team (CTT) on July 1, 2014. However, on July 17, 2014, Appellant failed to attend her pain management appointment. Appellant relapsed on cocaine and heroin, and was served two jury box sanctions.

[On September 25, 2014, a] violation of probation hearing was conducted and Appellant was found to be in violation of her probation for [the three June and July]

positive tests for opiates . . . . Appellant was sentenced . . . to 11½ to 23 months of incarceration plus 8 years of reporting probation with immediate parole to Divine Light Recovery House.

On December 12, 2014, [the] probation [department] received a call from CTT stating Appellant was discharged from Divine Light Recovery House due to taking another resident's suboxone. On December 16, 2014, Appellant was instructed to report to probation for detention, which occurred without incident.

*Id.* at 2-4 (paragraph breaks added).

The trial court conducted the instant violation of probation hearing on February 5, 2015. It found her in technical violation for suboxone use, revoked her probation, and immediately imposed a new sentence of 3½ to 10 years' imprisonment. Appellant filed a timely post-sentence motion, which was denied. Appellant then filed the instant appeal and complied with the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

On appeal, Appellant argues the trial court abused its discretion in imposing a sentence of total confinement, where there was "clear evidence that [she] exhibited the ability to be amenable to treatment and probation, as well as her avoidance of criminal activity." Appellant's Brief at 9. Appellant avers she incurred "only technical violations," which "consisted of sporadic behavioral problems and opiate abuse relating to a drug addiction

that [she] has had tremendous difficulty overcoming."[4] *Id.* at 16, 17. She contends she "has, several times, demonstrated the ability to succeed in treatment and comply with the rules of probation, . . . was not a danger to the community, was proving she was not likely to commit another crime, and obviously requires significant help and continuous treatment for her addiction." *Id.* at 18. Appellant maintains "her particular circumstances did not warrant a state sentence," and the court's imposition of a state sentence "places 'form over substance.'" *Id.* at 16. Appellant also alleges the sentence is improper under Subsection 9771(c)(3) of the Sentencing Code, which allows for a probation-revocation sentence of total confinement when it "is essential to vindicate the authority of the court."[5] 42 Pa.C.S. § 9771(c)(3). Instead, she claims, "[i]ncarceration is purely punitive in this scenario and will not foster [her] rehabilitative process." Appellant's Brief at 19. We hold no relief is due.

Preliminarily, we note Appellant preserved this issue in her post-sentence motion, has included a Pa.R.A.P. 2119(f) statement in her appellate brief, and has raised a substantial question for our review. *See*

---

[4] Appellant also describes her technical violation as "a relapse in the form of using the suboxone of another facility resident." Appellant's Brief at 18.

[5] Subsections 9771(c)(1) and (2) allow for a sentence of total confinement upon revocation of probation where "the defendant has been convicted of another crime" and the defendant's conduct "indicates that it is likely that he will commit another crime if he is not imprisoned." 42 Pa.C.S. § 9771(c)(1)-(2). Appellant states that neither of these subsections are applicable. Appellant's Brief at 9.

***Commonwealth v. Tobin***, 89 A.3d 663, 666 (Pa. Super. 2014) (stating defendant must raise discretionary aspect of sentencing issue either during sentencing proceedings or in post-sentence motion, and in Pa.R.A.P. 2119(f) statement); ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010) (stating, "The imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the 'fundamental norms which underlie the sentencing process,'" and finding substantial question raised). Accordingly, we find Appellant has preserved her discretionary aspect of sentencing issue for our review. ***See Tobin***, 89 A.3d at 666; ***Crump***, 995 A.2d at 1282.

We consider the relevant standard of review:

> [A] trial court has broad discretion in sentencing a defendant, and concomitantly, the appellate courts utilize a deferential standard of appellate review in determining whether the trial court abused its discretion . . . .
>
> . . . At initial sentencing, all of the rules and procedures [for a court's] discretionary sentencing authority [apply]. However, it is a different matter when a defendant reappears . . . following a violation . . . of a probationary sentence. For example, . . . contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721.
>
> . . . [U]pon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the [initial] sentence, although . . .

the court shall not impose a sentence of total confinement unless it finds that:

* * *

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c)[(3)].

*Commonwealth v. Pasture*, 107 A.3d 21, 27-28 (Pa. 2014) (some citations omitted). This Court has stated, "A trial court does not necessarily abuse its discretion in imposing a seemingly harsh post-revocation sentence where the defendant originally received a lenient sentence and then failed to adhere the conditions imposed on him." *Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa. Super. 2012), *appeal denied*, 67 A.3d 796 (Pa. 2013).

At the instant violation of probation and sentencing hearing, Appellant's counsel stated Appellant has had "many successes, as well as . . . challenges" under the court's probation, and "is an addict and . . . needs treatment." N.T., 2/5/15, at 9. Counsel requested "as short a sentence as possible, so that we can get her reconnected with CTT . . . and back into treatment as soon as possible." *Id.* The Commonwealth conceded Appellant "was doing well in 2012," but summarized her various infractions. *Id.* at 10-13. The Commonwealth argued, "[S]he has been given almost . . . 5 years of this program[, has] been in numerous placements, has the highest level of case management services provided in . . . Philadelphia," and "has gotten more chances than the average individual, with [the court]

consistently putting treatment first . . . and not giving . . . as much sanctions[.]" **Id.** at 15, 16. The Commonwealth recommended a sentence of ten to twenty years' imprisonment. **Id.** at 16.

In imposing the sentence of 3 ½ to 10 years, the court considered "the Commonwealth's recitation of the many listings of this case" and "emphasize[d] the number of opportunities" Appellant had in the MHC "program, including jury box sanctions, weekend sanctions, weeks sanctions—none of which seemed to have really hit home with" her. **Id.** at 20. The court stated, "I clearly believe that a state sentence is warranted, given the number of opportunities, the county sentences that [Appellant has] already been given. And it's clear that none of those have worked to vindicate the authority of this Court." **Id.** at 21. The court recommended that Appellant receive drug, alcohol, and mental health treatment while incarcerated. **Id.**

We hold the court did not abuse its discretion in imposing sentence. After careful review of the violation of probation hearing transcript, the trial court's opinion, and both parties' appellate briefs, we note there is no dispute over the procedural history in this case over the course of Appellant's probationary terms. Instead, Appellant's challenge is to the court's ultimate conclusion that her transgressions surpassed her compliance. Contrary to Appellant's claim, we find the trial court did state its reasons for imposing a sentence of total confinement under Subsection

9771(c)(3)—that Appellant has not succeeded in rehabilitation despite numerous opportunities by the court. *See* 42 Pa.C.S. § 9771(c)(3); N.T. at 21. Furthermore, because this was a violation of probation sentence, the trial court was not required to consider the safety of the community or her rehabilitative needs.[6] *See Pasture*, 107 A.3d at 27-28; Appellant's Brief at 18. We do, however, reiterate the court's recommendation that Appellant continue to receive drug, alcohol, and mental health treatment in prison.

For the forgoing reasons, we find no abuse of discretion. *See Pasture*, 107 A.3d at 27-28; *Schutzues*, 54 A.3d at 99.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2015

---

[6] Appellant also argues: "That Section 9721(b) does not apply to a violation of probation hearing is wrong." Appellant's Brief at 12. Such a policy and legislative issue is beyond this panel's review.