J-A30004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EMMANUEL YATES | |
| Appellant | No. 3242 EDA 2014 |

Appeal from the Judgment of Sentence August 13, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0008091-2013

BEFORE:  MUNDY, J., JENKINS, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                 **FILED OCTOBER 23, 2015**

Appellant, Emmanuel Yates, appeals from the August 13, 2014, aggregate judgment of sentence of 79 to 158 months' imprisonment, imposed after Appellant was found guilty of one count each of robbery, criminal conspiracy and possession of an instrument of a crime.[1]  After careful review, we affirm.

Appellant's sole issue on appeal is that the trial court erred when it considered, in imposing sentence, the jury's factual finding that Appellant used a firearm to put the victim in fear of death of seriously bodily injury under the mandatory minimum statute at 42 Pa.C.S.A. § 9712.  Appellant's

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903(a), and 907(a), respectively.

Brief at 17.[2]   This Court has declared Section 9712 to be facially unconstitutional.  ***See generally Commonwealth v. Valentine***, 101 A.3d 801, 812 (Pa. Super. 2014), *appeal denied*, --- A.3d ---, 800 MAL 2014 (Pa. 2015).   Although Appellant acknowledges he did not receive a mandatory minimum sentence, Appellant nevertheless argues he received a "*de facto* mandatory minimum*"* because the trial court considered the jury's Section 9712(a) factual finding in imposing sentence.  Appellant's Brief at 17.

At the outset, we note Appellant's acknowledgment that this argument goes to the discretionary aspects of his sentence.  Appellant's Brief at 11.  It is axiomatic that in this Commonwealth, "[t]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." ***Commonwealth v. Tobin***, 89 A.3d 663, 666 (Pa. Super. 2014) (citation omitted).   When an appellant forwards an argument pertaining to the discretionary aspects of the sentence, this Court considers such an argument to be a petition for permission to appeal.  ***Commonwealth v. Buterbaugh***,

---

[2] Specifically, after the trial court gave its charge to the jury, it included the following question on the verdict slip.

> Did [Appellant] visibly possess a firearm or a replica of a firearm, whether or not the firearm or replica was loaded or functional, that placed the victim in reasonable fear of death or serious bodily injury during the commission of the robbery?

Appellant's Brief at 5.  This question paraphrased the language of Section 9712(a).  ***See generally*** 42 Pa.C.S.A. § 9712(a).

91 A.3d 1247, 1265 (Pa. Super. 2014) (*en banc*) (citation omitted), *appeal denied*, 104 A.3d 1 (Pa. 2014). We will grant an appellant's petition for permission to appeal where an appellant's brief contains a Rule 2119(f) statement that raises "a substantial question that the sentence appealed from is not appropriate under the Sentencing Code[.]" **Commonwealth v. Trinidad**, 96 A.3d 1031, 1039 (Pa. Super. 2014) (citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014). Here, Appellant raised this issue in his motion to reconsider sentence in the trial court and has included a Rule 2119(f) statement in his brief. We also note that an argument alleging the trial court considered an improper factor in imposing sentence, raises a substantial question for our review. **Commonwealth v. Dowling**, 990 A.2d 788, 792 (Pa. Super. 2010). We therefore grant Appellant's petition for permission to appeal, and proceed to address his claim.

We review the discretionary aspects of a sentence for a manifest abuse of discretion. **Commonwealth v. Raven**, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citations omitted), *appeal denied*, 105 A.3d 739 (Pa. 2014). As noted above, Appellant argues that the trial court erred when it considered the jury's Section 9712 finding. Appellant's Brief at 17. Specifically, the jury found that Appellant, in committing the robbery, used a firearm to put the victim in fear of death of seriously bodily injury. **See generally** 42 Pa.C.S.A. § 9712.

Instantly, the mandatory minimum sentence pursuant to Section 9712 was 60 months' imprisonment. *Id.* However, the trial court imposed a sentence of 40 months' imprisonment on the robbery charge. Further, upon review of the record, there is no indication the trial court ever stated it was imposing a mandatory minimum sentence. Nevertheless, the trial court was always free to consider Appellant's possession and use of a gun in the ordinary course of sentencing, even if the Commonwealth never sought the mandatory minimum. *See Commonwealth v. Perry*, 32 A.3d 232, 242 (Pa. 2011) (stating, "factors that are not elements of an offense may be considered by the sentencing court in imposing its sentence[]"); 42 Pa.C.S.A. § 9721(b) (requiring the trial court to take into account "the gravity of the offense" at sentencing). The reason the jury was asked to make this finding was to comply with *Alleyne v. United States*, 133 S. Ct. 2151 (2013), in order to impose the Section 9712 mandatory minimum. However, the trial court ultimately did not apply Section 9712. Therefore, this factual finding from the jury, does not render the trial court's imposition of the instant sentence an abuse of discretion.

Based on the foregoing, we conclude Appellant's sole issue on appeal is devoid of merit. Accordingly, the trial court's August 13, 2014 judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/23/2015</u>