J-S43004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN ANTHONY MOLINARI | |
| Appellant | No. 1073 WDA 2016 |

Appeal from the Judgment of Sentence imposed June 22, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0010529-2011

BEFORE:  STABILE, SOLANO, and FITZGERALD[*], JJ.

MEMORANDUM BY STABILE, J.:                    **FILED October 2, 2017**

Appellant, John Anthony Molinari, appeals from the judgment of sentence imposed on June 22, 2016 in the Court of Common Pleas of Allegheny County following revocation of his probation.  Because the trial court failed to determine Appellant's eligibility under the Recidivism Risk Reduction Incentive Act,[1] we are constrained to vacate the judgment of sentence and remand for further proceedings.

The factual background of this case is not in dispute.  Briefly, Appellant was charged with 44 counts of possession of child pornography, four counts

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Recidivism Risk Reduction Incentive ("RRRI") Act, 61 Pa.C.S.A. §§ 4501-4512.

of sexual abuse of children: photographing, four counts of criminal use of a communication facility, and 19 counts of obscene and other sexual materials and performances.[2] On October 13, 2011, Appellant entered a guilty plea to one count of possession of child pornography pursuant to a plea agreement. The remaining charges were withdrawn.

Appellant was immediately sentenced to five years' probation and was informed that he would have to register as a sexual offender for a ten-year period under Megan's Law. Appellant did not file post-trial motions or a direct appeal.

On January 4, 2012, Appellant appeared before the trial court for a review hearing. The trial court re-imposed the five-year probationary term with zero tolerance and emphasized that Appellant was not to have any contact with minors.

On April 18, 2015, Appellant appeared before the trial court for a **Gagnon I** hearing.[3] At the conclusion of the hearing, the trial court revoked Appellant's probation and sentenced him to a new five-year probationary period. Once again, the trial court ordered Appellant not to have contact with any minors.

_____

[2] 18 Pa.C.S.A. §§ 6312(d), 6312(c), 7512(a) and 5903(a), respectively.

[3] **Gagnon v, Scarpelli**, 411 U.S. 778 (1973).

On June 22, 2016, Appellant appeared before the trial court for a *Gagnon II* hearing. After determining Appellant had violated his probation by having contact with minors, the trial court revoked Appellant's probation and sentenced him to one and one-half to five years in prison with credit for time served. Appellant filed a post-sentence motion requesting modification of his sentence. The trial court denied the motion on July 14, 2016. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents two issues for our consideration:

I.     Whether [Appellant's] revocation sentence is illegal when the trial court failed to determine, at the time of sentencing, whether he is an eligible offender under the [RRRI] Act, thereby violating 61 Pa.C.S.A. § 4505(a)?

II.    In revoking [Appellant's] probation and imposing a sentence of total confinement of 1½-5 years' state incarceration, whether the trial court abused its sentencing discretion when [Appellant] committed only technical violations of probation, and the requirements of 42 Pa.C.S.A. § 9771(c) and 42 Pa.C.S.A. § 9721(b) were not met?

Appellant's Brief at 11.[4]

In his first issue, Appellant argues that his sentence is illegal because the trial court is statutorily required to determine, on the record at the time of sentencing, whether a defendant is an eligible offender under the RRRI Act. Appellant asserts that the trial court failed to make that mandatory

_____

[4] We have reordered Appellant's issues for ease of discussion.

determination at the time of the hearing during which the trial court revoked Appellant's probation and sentenced him to prison. Therefore, he contends, because there is no statutory authorization for his particular sentence, the sentence is illegal and cannot be allowed to stand.

In its brief, the Commonwealth acknowledges that the trial court's failure to consider RRRI eligibility renders Appellant's sentence illegal and agrees with Appellant that the judgment of sentence should be vacated. Although the Commonwealth does not concede that Appellant is RRRI eligible, the Commonwealth agrees that we should remand the case for resentencing.

We first note that Appellant did not preserve his RRRI claim in his Rule 1925(b) statement. Although claims not raised in a 1925(b) statement are generally waived, there is no waiver here because the failure to make an on-the-record determination of Appellant's RRRI eligibility implicates the legality of his sentence and is non-waivable. *Commonwealth v. Tobin*, 89 A.3d 663, 669 (Pa. Super. 2014); *Commonwealth v. Robinson*, 7 A.3d 868, 871 (Pa. Super. 2010) (non-waivable challenge to the legality of sentence presented "where the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal.").

Our review of the record confirms that the issue of RRRI eligibility was not discussed at Appellant's June 22, 2016 hearing and the trial court did not

make any determination or even any inquiry on the record. Because the trial court was statutorily required to make a determination of Appellant's RRRI eligibility at the time of Appellant's hearing but failed to do so, we have no choice but to vacate the judgment of sentence and remand for the trial court to make an RRRI eligibility determination and impose a new sentence. In light of our disposition of Appellant's RRRI claim, we need not address his remaining claim.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/2/2017