J-S38024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL HOMER SUPERNAW | : | |
| | : | |
| Appellant | : | No. 1696 WDA 2017 |

Appeal from the PCRA Order November 2, 2017
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0002913-2015

BEFORE: BOWES, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED AUGUST 29, 2018**

Appellant Michael Homer Supernaw appeals from the order denying his first timely Post Conviction Relief Act[1] (PCRA) petition. Appellant claims that he is entitled to reconsideration of his eligibility for the Recidivism Risk Reduction Incentive[2] (RRRI) program in light of ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017).[3] We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 61 Pa.C.S. §§ 4501-4512.

[3] ***Muniz*** held that retroactive application of the former version of Pennsylvania's Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41, violated the federal and state *ex post facto* clauses. ***Muniz***, 164 A.3d at 1193.

The parties are familiar with the facts and procedural history of this appeal and agree to the following matters.  In 2009, Appellant pled guilty to interference with the custody of children[4] (2009 conviction).  Initially, Appellant's 2009 conviction did not require him to register as a sexual offender.  However, in 2012, the former version of the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41 (Subchapter H) (subsequently amended) took effect.  Under that version of Subchapter H, Appellant's 2009 conviction required him to register for a period of fifteen years.

In the instant case, Appellant entered a negotiated guilty plea to driving under the influence (DUI)-third or subsequent offense, receiving stolen property, and driving under suspension-DUI related.[5]  On April 1, 2016, the trial court accepted Appellant's plea and sentenced him to an aggregate term of two to five years' imprisonment.  Although the trial court did not consider RRRI at the time of sentencing, there is no dispute that Appellant was deemed

---

[4] 18 Pa.C.S. § 2904.  A review of the public dockets reveals that Appellant pled guilty to interference with custody of children at CP-63-CR-0000022-2008.  According to the docket, Appellant's charge was graded as a felony of the second degree.

[5] 75 Pa.C.S. § 3802(c), 18 Pa.C.S. § 3925, and 75 Pa.C.S. § 1543(b)(1), respectively.

ineligible for the program.[6]  Appellant did not file post-sentence motions or take a direct appeal.

On September 26, 2016, the PCRA court docketed Appellant's *pro se* PCRA petition giving rise to this appeal.  The PCRA court appointed present counsel (Counsel) to represent Appellant.  Counsel filed an amended petition claiming that Appellant's guilty plea was involuntary and unknowing due to the ineffective assistance of plea counsel.[7]  On October 5, 2017, the PCRA court conducted a hearing on Appellant's ineffectiveness claims, and on October 31, 2017, entered the order denying relief.

Appellant timely appealed.  In his court-ordered Pa.R.A.P. 1925(b) statement, Appellant for the first time raised a claim that he was eligible for RRRI in light of *Muniz*.  The PCRA court declined to address that issue finding it waived due to Appellant's failure to present it in his PCRA petition or an

---

[6] RRRI eligibility is governed by 61 Pa.C.S. § 4503.  As discussed below, Section 4503 excludes defendants convicted of an offense listed in Subchapter H or convicted of a "personal injury crime" from the RRRI program.  61 Pa.C.S. § 4503(3)-(4).

[7] The Pennsylvania Supreme Court decided *Muniz* on July 19, 2017, while Appellant's PCRA petition was pending.  Appellant did not seek leave to amend his petition to raise a claim based on *Muniz* in the present case.  Counsel, however, states that he separately petitioned for the removal of Appellant's registration requirement in light of *Muniz* and that the court granted relief with respect to Appellant's 2009 conviction.

amended petition. PCRA Ct. Op., 2/2/18, at 15. In any event, the court noted that Appellant failed to prove he was eligible for RRRI.[8] *Id.* at 16.

Appellant raises a single issue in this appeal: "Whether [Appellant] is currently serving an illegal sentence, which can be raised at any time, where a RRRI minimum sentence was not imposed and [Appellant] is now statutorily eligible for RRRI?"[9] Appellant's Brief at 4.

Appellant initially asserts that this Court may consider his RRRI claim as a challenge to the legality of the sentence that cannot be waived on appeal. *Id.* at 8 (citing *Commonwealth v. Tobin*, 89 A.3d 663 (Pa. Super. 2014); *Commonwealth v. Robinson*, 7 A.3d 868 (Pa. Super. 2010)). Appellant further asserts that he is eligible for RRRI because his 2009 conviction is no longer subject to a Subchapter H registration requirement in light of *Muniz*. Appellant requests that this Court vacate the judgment of sentence and remand for the imposition of a RRRI sentence. *Id.* at 13. Appellant alternatively requests a remand to develop the record and determine whether he is RRRI eligible. *Id.* at 12 n.5.

---

[8] Appellant's Rule 1925(b) statement included claims that the PCRA court erred in denying his claims of ineffective assistance of counsel. The court responded that those claims were meritless. PCRA Ct. Op., 2/2/18, at 3-14.

[9] Appellant has abandoned his ineffective assistance counsel claim in this appeal. *See* Pa.R.A.P, 2116(a), 2119(a).

The Commonwealth does not assert that Appellant waived his RRRI claim and does not oppose a remand for further development of the record.[10] *See* Commonwealth's Brief at 7. Alternatively, the Commonwealth argues that the appeal could be dismissed as "moot" because Appellant's 2009 conviction makes him ineligible for RRRI on another basis. *Id.* at 9. Specifically, the Commonwealth asserts that the Subchapter H registration requirement is immaterial because the interference with the custody of children constitutes a personal injury crime disqualifying Appellant from RRRI. *Id.*

Eligibility for RRRI has been regarded as implicating the legality of a sentence. *Tobin*, 89 A.3d at 669; *Robinson*, 7 A.3d at 871. Therefore, a claim that a defendant is RRRI eligible is not subject to waiver and may be addressed *sua sponte*. *Tobin*, 89 A.3d at 670.

Appellant's claim that he is eligible for RRRI raises a question of statutory interpretation and the application of 61 Pa.C.S. § 4503. Thus, our standard of review is *de novo*, and our scope of review is plenary. *Commonwealth v. Cullen-Doyle*, 164 A.3d 1239, 1241 (Pa. 2017).

Section 4503, in relevant part, defines the persons eligible for RRRI as follows:

---

[10] The Commonwealth also alleges that Appellant has been convicted of other offenses that could disqualify him from RRRI. *See* Commonwealth's Brief at 11 n.1.

> A defendant or inmate convicted of a criminal offense who will be committed to the custody of the department and who meets **all** of the following eligibility requirements:
>
> * * *
>
> (3) Has not been found guilty of or previously convicted of or adjudicated delinquent for or an attempt or conspiracy to commit a personal injury crime as defined under section 103 of the act of November 24, 1998 (P.L. 882, No. 111),[] known as the Crime Victims Act, except for an offense under 18 Pa.C.S. § 2701 (relating to simple assault) when the offense is a misdemeanor of the third degree, or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.
>
> (4) Has not been found guilty or previously convicted or adjudicated delinquent for violating any of the following provisions or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation:
>
> * * *
>
> > Any offense for which registration is required under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

61 Pa.C.S. § 4503(3)-(4) (emphasis added). For the purpose of Section 4503(3), a "personal injury crime" includes, in relevant part, "[a]n act, attempt or threat to commit an act which would constitute a misdemeanor or felony under . . . 18 Pa.C.S. Ch. 29 (relating to kidnapping)." 18 P.S. § 11.103.

Instantly, there is no dispute that Appellant's 2009 conviction involved interference with the custody of children. That offense is codified under

Chapter 29 of Title 18. *See* 18 Pa.C.S. § 2904(a). At a minimum, the offense constitutes a misdemeanor of the second degree. *See* 18 Pa.C.S. § 2904(c). Thus, as noted by the Commonwealth, interference with the custody of childern constitutes a "personal injury crime," which renders Appellant ineligible for RRRI under Section 4503(3). *See* 61 Pa.C.S. § 4503(3).

Accordingly, Appellant's argument based on *Muniz* fails to establish that he meets all the conditions for eligibility as required by Section 4503. Because Appellant's 2009 conviction disqualifies him from RRRI under 61 Pa.C.S. § 4503(3), we need not address Appellant's narrow contention that *Muniz* altered his eligibility for RRRI under 61 Pa.C.S. § 4503(4). Lastly, having reviewed the arguments in a light most favorable to Appellant, we discern no need to remand this matter for further proceedings in the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2018