J-S58035-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID FRANCIS WRAY | : | |
| | : | |
| Appellant | : | No. 721 WDA 2019 |

Appeal from the Judgment of Sentence Entered August 28, 2018
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0005305-2016

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    FILED DECEMBER 10, 2019

Appellant, David Francis Wray, appeals from the Judgment of Sentence entered in the Westmoreland County Court of Common Pleas following his guilty plea to one count each of Corrupt Organizations, Criminal Conspiracy, Receiving Stolen Property, Persons Not to Possess Firearms, Possession with Intent to Deliver, and Possession of a Controlled Substance; and four counts of Theft by Unlawful Taking.[1] Appellant challenges the court's determination of his eligibility for sentencing under the Recidivism Risk Reduction Incentive ("RRRI") Act, 61 Pa.C.S. §§ 4501-4512. After careful review, we vacate and remand for resentencing.

_____

[1] 18 Pa.C.S. § 911(b)(1); 18 Pa.C.S. § 911(b)(4); 18 Pa.C.S. § 903; 18 Pa.C.S. § 3925(a); 18 Pa.C.S. § 6105(a)(1)(b); 35 P.S. § 780-113(a)(30); 35 P.S. § 780-113(a)(30); and 18 Pa.C.S. § 921(a), respectively.

We glean the following facts from the trial court's Opinion and certified record. On March 5, 2018, Appellant entered a negotiated guilty plea to the above crimes. The court ordered a pre-sentence investigation ("PSI") report.

A sentencing hearing was held on June 1, 2018 and August 28, 2018, in which the parties addressed Appellant's RRRI eligibility. The Commonwealth argued that Appellant was ineligible under the RRRI Act because Fayette County had charged Appellant with felony strangulation of Cynthia Ann Cochran.[2]

At sentencing, Ms. Cochran testified that on May 24, 2018, her brother, James Cochran, punched her in the eye and she fell to the floor. She then recalled that Appellant was on top of her, trying to choke her to death with a broomstick and yelling that he was going to kill her.

On August 28, 2018, the court sentenced Appellant to an aggregate term of two to four years of incarceration, followed by a term of five years of probation. The court determined that Appellant was precluded from RRRI eligibility based on "[t]he nature and seriousness of [Ms. Cochran's] allegation and testimony." N.T. Sentencing, 8/28/18, at 36.

Appellant filed post-sentence motions, which the court denied. Appellant timely appealed. Both Appellant and the trial court complied with Pa. R.A.P. 1925.

_____

[2] At the August 28, 2018 hearing, the parties informed the court that the felony strangulation charged had been dismissed. The Commonwealth stated that the charge would be refiled. However, it does not appear that the charges were ever refiled. Appellee's Br. at 3.

On appeal, Appellant raises the following issue: "[w]hether the trial court erred in denying the Appellant admission into the . . .[RRRI] program despite the Appellant's lack of disqualifying criminal history or history of violence." Appellant's Br. at 2.

A challenge to a RRRI eligibility determination implicates the legality of the sentence. Commonwealth v. Tobin, 89 A.3d 663, 670 (Pa. Super. 2014). "It is legal error to fail to impose a RRRI minimum on an eligible offender." Id. Review of a RRRI eligibility determination entails statutory interpretation, for which our review is de novo and plenary. Commonwealth v. Cullen-Doyle, 164 A.3d 1239, 1241 (Pa. 2017).

The RRRI Act is a penal statute, which "seeks to create a program that ensures appropriate punishment for persons who commit crimes, encourages inmate participation in evidence-based programs that reduce the risks of future crime and ensures the openness and accountability of the criminal justice process while ensuring fairness to crime victims." 61 Pa.C.S. § 4502. See Commonwealth v. Chester, 101 A.3d 56, 60 n.6 (Pa. 2014). RRRI eligible offenders who exhibit good behavior and who complete rehabilitative programs in prison may receive reduced sentences. Commonwealth v. Hansley, 47 A.3d 1180, 1186 (Pa. 2012).

Eligibility for a RRRI sentence is codified in 61 Pa.C.S. § 4503. To qualify for a RRRI minimum sentence, a convicted offender must establish that, inter

alia, he "[d]oes not demonstrate a history of present or past violent behavior." 61 Pa.C.S. § 4503(1).

The Act does not define the phrase "history of present or past violent behavior." Cullen-Doyle, supra at 1240. Our Supreme Court has construed Section 4503(1) as a catchall provision that "employs broad, general language encompassing all violent behavior in addition to the enumerated crimes contained in Section 4503(2)-(6).[3]" Chester, 101 A.3d at 63. Additionally, the Court determined that the word "history" requires "an established record or pattern" of violent behavior. Cullen-Doyle, supra at 1243.

Appellant acknowledges that a felony strangulation constitutes violent behavior. However, he asserts that a single allegation of violence does not constitute a history of violence under the RRRI Act. See Appellant's Br. at 7-10. Appellant primarily relies on Cullen-Doyle, supra.

In Cullen-Doyle, the defendant pleaded guilty to, inter alia, one count of felony-one burglary. 164 A.3d at 1241. The trial court denied the defendant's request for a RRRI sentence; this Court affirmed, concluding that he was ineligible for the RRRI program based solely on his present conviction for burglary. Id. Our Supreme Court vacated this Court's order and held that

_____

[3] 61 Pa.C.S. § 4503(2)-(6) enumerates crimes "that render an offender ineligible to receive a reduced minimum sentence[,] including offenses involving a deadly weapon, certain personal injury crimes, certain sexual offenses, and certain drug offenses[.]" Commonwealth v. Chester, 101 A.3d 56, 57 (Pa. 2014).

a "single, present conviction for a violent crime does not constitute a history of violent behavior." Id. at 1244. The Court explained that the RRRI program's expressed purpose was to encourage eligible offenders to participate in the program to reduce the likelihood of recidivism. Id. at 1242. Upon reviewing the legislative history of the Act, the Court deduced that the Legislature "sought to offer greater reform opportunities for first-time offenders than repeat offenders." Id. at 1243. Thus, the Court reasoned if it were to broadly construe Section 4503 to render a defendant ineligible for the RRRI program based on a "single instance of violence," it would impose eligibility requirements that are "so stringent that a large number of individuals who could potentially reform through participation in the RRRI programming will be prevented from participating[,]" and would thus, diminish the program's potential utility. Id.

The reasoning in Cullen-Doyle is applicable here. To find that a single allegation of a crime of violence demonstrates a history of violent behavior does not comport with the purpose of the RRRI Act—to reduce the likelihood of recidivism. Therefore, we conclude that the single allegation against Appellant for a violent act does not constitute a history of present or past violent behavior under the RRRI Act so as to render Appellant ineligible for a RRRI sentence.

Accordingly, we vacate Appellant's judgment of sentence and remand for consideration of Appellant's eligibility for a RRRI sentence.

Judgment of sentence vacated. Case remanded for consideration of Appellant's eligibility for a RRRI sentence. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/2019