J-S50028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MATTHEW JONES | |
| Appellant | No. 2007 EDA 2014 |

Appeal from the Judgment of Sentence April 17, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002036-2013
CP-51-CR-0002663-2013
CP-51-CR-0006165-2013
CP-51-CR-0010947-2012

BEFORE:  PANELLA, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                    **FILED NOVEMBER 13, 2015**

Appellant, Matthew Jones, appeals from the April 17, 2014 aggregate judgment of sentence of 35 to 100 years' imprisonment, imposed after an open guilty plea to a multitude of charges stemming from four violent rapes committed by Appellant in the city of Philadelphia.  After careful review, we affirm.

In its opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925, the trial court has accurately recounted the factual background, as set forth by the Commonwealth at Appellant's guilty plea hearing, which we incorporate herein.  **See** Trial Court Opinion, 12/29/14, at 3-6.  The trial court has further summarized the procedural history of this case as follows.

On July 9, 2013, [Appellant] pled guilty to certain charges on the four above-captioned [docket numbers]. [At docket number] CP-51-CR-0010947-2012, [Appellant] plead guilty to rape by forcible compulsion,[1] involuntary deviate sexual intercourse ("IDSI"),[2] and simple assault.[3] On [docket number], CP-51-CR-0002036-2013 [Appellant] pled guilty to rape, IDSI, unlawful restraint – causing serious bodily injury,[4] simple assault, and possession of an instrument of a crime ("PIC").[5] On [docket number] CP-51-CR-0002663-2013, [Appellant] pled guilty to rape, conspiracy to commit rape by forcible compulsion,[6] and simple assault. Finally, on [docket number] CP-51-CR-0006165-2013, [Appellant] pled guilty to rape and aggravated assault.[7] The [trial] court deferred sentencing and ordered a pre-sentence investigation ("PSI") and an assessment by the Sexual Offenders Assessment Board ("SOAB"). On April 17, 2014,[8] the [trial] court held a hearing pursuant to 42 Pa.C.S.[A.] § 9799.24 to determine if [Appellant] met the statutory criteria for classification as a sexually violent predator ("SVP"). [Appellant] was evaluated by SOAB member Barry Zakireh, Ph.D., who concluded that [Appellant] did meet the criteria for classification as an SVP. The Commonwealth and defense counsel stipulated to the report prepared by Dr. Zakireh. [] After a hearing, the [trial] court found [Appellant] to be an SVP. The [trial] court then sentenced [Appellant] on all four [dockets] to 35 to 100 years of incarceration.

---

[1] 18 Pa.C.S. § 3121.

[2] 18 Pa.C.S. § 3123.

[3] 18 Pa.C.S. § 2701. On [docket number] CP-51-CR-0010947-2012, [Appellant] was arrested on August 29, 2012. His DNA was added to the Combined DNA Index System ("CODIS"). Once added to CODIS, [Appellant]'s DNA matched DNA submissions from three earlier rape cases, which were also subject to [Appellant]'s appeal: CP-51-CR-0002036-2013; CP-51-CR-0002663-2013; and CP-51-CR-0006165-2013.

<sup></sup>

[4] 18 Pa.C.S. § 2902.

[5] 18 Pa.C.S. § 907

[6] 18 Pa.C.S. § 903.

[7] 18 Pa.C.S. § 2702.

[8] Sentencing was originally scheduled for October 24, 2013. Following multiple continuance requests, sentencing was rescheduled for April 17, 2014.

*Id.* at 1-2 (footnotes in original).

Specifically, Appellant was sentenced as follows. At docket number CP-51-CR-10947-2012, Appellant was sentenced to 5 to 15 years' imprisonment for rape, a consecutive 5 to 15 years' imprisonment for IDSI, and a concurrent 1 to 2 years for simple assault. N.T., 4/17/14, at 63; CP-51-CR-10947-2012 Sentencing Order, 4/17/14. At docket number CP-51-CR-2663-2013, Appellant was sentenced to 5 to 15 years' imprisonment for rape, a consecutive 3 to 6 years' imprisonment for conspiracy, and a concurrent 1 to 2 years for simple assault. *Id.*; CP-51-CR-2663-2013 Sentencing Order, 4/17/14. At docket number CP-51-CR-2036-2013, Appellant was sentenced to 5 to 15 years' imprisonment for rape, a consecutive 5 to 15 years' imprisonment for IDSI, and concurrent sentences of 1 to 2 years for unlawful restraint, 1 to 2 years for simple assault, and 2 to 4 years for PIC. *Id.* at 63-64; CP-51-CR-2036-2013 Sentencing Order, 4/17/14. Finally, at docket number CP-51-CR-6165-2013, Appellant was sentenced to 5 to 15 years' imprisonment for rape, and a consecutive 2 to 4

years for aggravated assault. *Id.* at 64; CP-51-CR-6165-2013 Sentencing Order, 4/17/14. The sentence at each docket was to run consecutive to all other dockets for an aggregate sentence of 35 to 100 years' imprisonment.

On April 28, 2014, Appellant filed timely a post-sentence motion, which was denied by the trial court on July 2, 2014.[1] On July 10, 2014, Appellant filed a timely notice of appeal.[2]

On appeal, Appellant raises the following issues for our review.

> 1. Did not the [trial] court err and abuse its discretion by imposing an aggregate *de facto* life sentence of 35 to 100 years, where [A]ppellant pled guilty, had substantial family support, and his prior record was limited to one juvenile adjudication for a non-violent misdemeanor?
>
> 2. Did not the [trial] court err and abuse its discretion at sentencing by failing to consider [A]ppellant's rehabilitative needs?
>
> 3. Did not the [trial] court err and abuse its discretion at sentencing by relying on the fact that [A]ppellant exercised his right to a preliminary hearing in these cases before ultimately pleading guilty?

Appellant's Brief at 3.

_____

[1] However, because the last day in which to file a timely post-sentence motion, April 27, 2014, fell on a Sunday, Appellant's post-sentence motion was timely filed. *See* 1 Pa.C.S.A. § 1908 (providing that when the last day of a calculated period of time falls on a Saturday or Sunday, such days shall be omitted from the computation).

[2] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

At the outset, we note that all of Appellant's arguments on appeal pertain to the discretionary aspects of his sentence. "Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all non[-]jurisdictional defects except the legality of the sentence and the validity of the plea." *Commonwealth v. Lincoln*, 72 A.3d 606, 609 (Pa. Super. 2013) (citation omitted), *appeal denied*, 87 A.3d 319 (Pa. 2014). However, when a defendant's plea is an open guilty plea, he does not waive claims regarding the discretionary aspects of the sentence "because there was no agreement as to the sentence [the defendant] would receive." *Commonwealth v. Hill*, 66 A.3d 359, 363 (Pa. Super. 2013) (citation omitted). Nevertheless, "[t]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Tobin*, 89 A.3d 663, 666 (Pa. Super. 2014) (citation omitted). When an appellant advances an argument pertaining to the discretionary aspects of a sentence, this Court considers such an argument to be a petition for permission to appeal. *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014) (*en banc*) (citation omitted), *appeal denied*, 104 A.3d 1 (Pa. 2014). "[A]n [a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted).

Prior to reaching the merits of a discretionary aspects of sentencing issue, this Court is required to conduct a four-part analysis to determine whether a petition for permission to appeal should be granted. *Commonwealth v. Trinidad*, 96 A.3d 1031, 1039 (Pa. Super. 2014) (citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014). Specifically, we must determine the following.

> (1) [W]hether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

*Id.*

Instantly, Appellant filed a timely motion for modification of sentence and notice of appeal. Also, he has included a Rule 2119(f) statement in his brief. Appellant's Brief at 14-15. We therefore proceed to determine whether Appellant has raised a substantial question for our review.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Edwards*, 71 A.3d 323, 330 (Pa. Super. 2013) (citations omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary

to the fundamental norms which underlie the sentencing process." ***Id.*** (citations omitted). "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Provenzano***, 50 A.3d 148, 154 (Pa. Super. 2012).

Instantly, in his first two issues, Appellant argues that his sentence is a *de facto* life sentence because the trial court failed to consider his "negligible prior record and the substantial evidence of his acceptance of responsibility, expressions of remorse, potential for rehabilitation, and strong family support." Appellant's Brief at 15. A claim that consecutive sentences resulted in an excessive sentence, and that the sentencing court "disregarded rehabilitation and the nature and circumstances of the offense in handing down its sentence presents a substantial question." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1273 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014). Further, Appellant's claim that the trial court relied on impermissible factors in imposing its sentence, raises a substantial question. ***Commonwealth v. P.L.S.***, 894 A.2d 120, 130 (Pa. Super. 2006), *appeal denied*, 906 A.2d 542 (Pa. 2006). Accordingly, we review the merits of Appellant's sentencing issues.

We begin by noting our well-settled standard of review.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is

not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citations omitted), *appeal denied*, 105 A.3d 736 (Pa. 2014).

Appellant's claim that the trial court failed to consider the above-mentioned mitigating factors is belied by the record.

> The Court has considered [Appellant's] presentence investigation report; the … appropriate parts of the Commonwealth's sentencing memorandum; [Appellant's] sentencing memo; the argument of counsel; the Court has considered the testimony of Holly Peters; the testimony and the letters submitted from Deborah Jones; Ziesha Jones; Harriet Lawson and the letter from [Appellant's] stepfather, John Norris, and the Court considered [Appellant's] allocution.
>
> In fashioning a sentence the Court has considered that [Appellant] pled guilty, that he had no prior record, that he shows remorse and that he has family support.
>
> The Court has also found that these crimes were more serious than usual, that [Appellant] is a danger to society and that he inflicted extreme physical and mental cruelty on the victims, that he injured the victims, that he's a poor candidate for rehabilitation and a lesser sentence would be inappropriate.
>
> I have also considered the statutory factors that are required, the need for the protection of the public, the gravity of the offense in relation to the impact on the victims and the rehabilitative needs of [Appellant].

N.T., 4/17/14, at 61-62.

Further, it is axiomatic that where "the sentencing court had the benefit of a [PSI], we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Rhoades*, 8 A.3d 912, 919 (Pa. Super. 2010) (internal quotation marks and citation omitted), *appeal denied*, 25 A.3d 328 (Pa. 2011), *cert. denied*, *Rhoades v. Pennsylvania*, 132 S. Ct. 1746 (2012). Additionally, in its Rule 1925(a) opinion, the trial court spent five pages discussing the factors it took into consideration, along with the facts surrounding the violent crimes for which Appellant "pled guilty to raping and physically assaulting four unsuspecting strangers." *See* Trial Court Opinion, 12/29/14, at 11-16. Upon review, we conclude the trial court weighed all factors and sentenced Appellant in accordance with the nature and extent of his crimes.[3]

Finally, Appellant avers that the trial court abused its discretion, when it "impermissibly relied on the fact that [Appellant] did not waive his

_____

[3] We note with disfavor Appellant's failure to cite the applicable sentencing guidelines and what provision of the sentencing code was violated. *See Dodge*, *supra* at 1271 ("disapprov[ing] of Appellant's failure to indicate where his sentences fell in the sentencing guidelines and what provision of the sentencing code was violated[]"). We further note that the Commonwealth has objected to this omission in its brief. Commonwealth's Brief at 10. Nevertheless, because Appellant has adequately preserved his arguments in his Rule 2119(f) statement, we decline to find waiver.

preliminary hearings[.]" Appellant's Brief at 15. In its Rule 1925(a) opinion, the trial court addressed Appellant's contention, and explained as follows.

> At the sentencing hearing, [Appellant] argued that he saved the court numerous resources. Specifically, [Appellant] argued that he had waived his right to a trial, declined to file any motions to sever or suppress, and declined to elicit any expert forensic testimony. The court sought to clarify the resources [Appellant] was claiming to have saved by asking, "He didn't waive his preliminary hearing, correct?" This was the only reference to [Appellant]'s non-waiver of his preliminary hearings that the court made during sentencing. [Appellant] seems to suggest that the court's inquiry as to whether he had waived his preliminary hearing was made to hold his failure to do so against him. To the contrary, the court was inquiring as to the extent to which [Appellant] had saved the court resources. The record makes clear that [Appellant]'s decision to save the court resources by waiving his right to a trial was included in the list of factors the court considered before sentencing. The court wanted only to ensure that the extent and nature of those resources was accurately represented. Therefore, [Appellant]'s claim is without merit.

Trial Court Opinion, 12/29/14, at 10 (internal citations omitted). Accordingly, we conclude Appellant's discretionary aspects of sentencing claims are meritless.

Based on the foregoing, we conclude the trial court did not abuse its discretion in sentencing Appellant. *See Raven*, *supra*. Accordingly, the trial court's April 17, 2014 judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/13/2015</u>