J-S27004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSHUA ASA WITMAN, | |
| Appellant | No. 1865 MDA 2015 |

Appeal from the Judgment of Sentence September 21, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003143-2014

BEFORE:  SHOGAN and DUBOW, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 12, 2016**

Appellant, Joshua Asa Witman, appeals from the judgment of sentence entered on September 21, 2015, in the Lancaster County Court of Common Pleas.  Appellate counsel has filed a petition to withdraw her representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which govern a petition to withdraw from representation on direct appeal.  After review, we grant counsel's petition to withdraw, and we affirm the judgment of sentence.

On June 11, 2015, Appellant was found guilty at a bench trial of one count of arson endangering persons, graded as a felony of the first degree.

---

[*] Former Justice specially assigned to the Superior Court.

On September 21, 2015, the trial court sentenced Appellant to a term of five to twenty years of incarceration. This timely appeal followed.

Before we address the questions raised on appeal, we must resolve appellate counsel's request to withdraw. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Id**. at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within the petition to withdraw, counsel averred that she conducted an examination of the record, including all notes of testimony. Following that review, counsel concluded that the present appeal is wholly frivolous. Counsel sent to Appellant a copy of the **Anders** brief and petition to withdraw, as well as a letter, a copy of which is attached to the motion. In the letter, counsel advised Appellant that he could represent himself or retain private counsel.

We now examine whether the brief satisfies the Supreme Court's dictates in **Santiago**, which provide that:

> in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of

the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Cartrette*, 83 A.3d at 1032 (quoting *Santiago*, 978 A.2d at 361).

We conclude that counsel's brief is compliant with *Santiago*. It sets forth the factual and procedural history of this case and outlines pertinent legal authority. In the brief, counsel identifies four issues. These issues confront: 1) the sufficiency of the evidence; 2) the discretionary aspects of Appellant's sentence; 3) the legality of Appellant's sentence; and 4) the failure to pursue suppression of evidence. *Anders* Brief at 8-11.[1]

The first issue identified in the *Anders* brief assails the sufficiency of the evidence supporting Appellant's convictions. In reviewing a sufficiency challenge, "we must decide whether the evidence admitted at trial, and all reasonable inferences drawn therefrom in favor of the Commonwealth, as verdict winner," are sufficient to support all elements of the offense. *Commonwealth v. Hitcho*, 123 A.3d 731, 746 (Pa. 2015). The trial court, sitting as the finder of fact, is free to believe some, all, or none of the evidence. *Commonwealth v. Cousar*, 928 A.2d 1025 (Pa. 2007); *Commonwealth v. Tejada*, 107 A.3d 788, 792-793 (Pa. Super. 2015).

_____

[1] For purposes of our discussion, we have renumbered the issues.

Moreover, the Commonwealth may sustain its burden of proof by wholly circumstantial evidence. ***Commonwealth v. Diggs***, 949 A.2d 873 (Pa. 2008); ***Commonwealth v. Vogelsong***, 90 A.3d 717 (Pa. Super. 2014), *appeal denied*, 102 A.3d 985 (Pa. 2014). As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. ***Commonwealth v. Rogal***, 120 A.3d 994 (Pa. Super. 2015).

Appellant asserts that the evidence was insufficient to convict him of arson. The crime of arson is set forth in the Crimes Code as follows:

**(a) Arson endangering persons. --**

(1) A person commits a felony of the first degree if he intentionally starts a fire or causes an explosion, or if he aids, counsels, pays or agrees to pay another to cause a fire or explosion, whether on his own property or on that of another, and if:

(i) he thereby recklessly places another person in danger of death or bodily injury, including but not limited to a firefighter, police officer or other person actively engaged in fighting the fire[.]

18 Pa.C.S. § 3301(a)(1)(i).

The record reflects that at trial, Appellant's brother, Justin Witman, testified that Appellant believed there were aliens living in the house Appellant shared with his mother. N.T., Trial, 6/11/15, at 133-135. Delores Lausch, Appellant's next-door-neighbor, testified that while Appellant's house was burning, she saw Appellant riding his bicycle away from the fire. *Id*. at 70. Pennsylvania State Police Trooper John Clifford, who testified as

an expert on fire investigation, concluded that the fire originated in a wood box inside Appellant's home under the staircase in the basement. *Id*. at 50, 55-56. The wood box contained combustible materials and smelled of a petroleum-based accelerant. *Id*. at 55-57. Trooper Clifford saw a plastic bottle of transmission fluid in the charred wood box, and he found an empty gasoline can near combustible material in the basement. *Id*. at 56-57. The trooper then testified that two electrical breakers at the house were tripped: one was marked "refrigerator" and one was marked "basement outlets." *Id*. at 58. He further testified that it was unusual for breakers to be tripped by a fire. *Id*. Trooper Clifford concluded that the fire was intentionally started in the wood box under the stairs, and an accelerant was used. *Id*. at 59.

The Commonwealth also presented the testimony of Sergeant Phillip Snavely of the Ephrata Police Department, who testified that at the time of the fire, he encountered Appellant riding his bicycle. N.T., Trial, 6/11/15, at 33. Sergeant Snavely stated that he informed Appellant that his house was on fire, but Appellant was indifferent and seemingly unsurprised by this information. *Id*. at 34. Sergeant Snavely then stated that Appellant stoically asked if the house had burned down. *Id*. at 35. The sergeant then testified that according to Appellant's mother, the wood box, which was the origin of the fire, should not have contained firewood because it was June. *Id*. at 35-36. Sergeant Snavely testified that Appellant admitted bringing firewood inside the house and placing it in the wood box earlier that day.

*Id*. at 35. Additionally, Appellant's uncle, Dennis Overly, the owner of Appellant's house, testified that Appellant had previously done damage to the home. *Id*. at 83. Appellant told Mr. Overly that somebody had "gassed" his room, and Appellant felt he had to destroy his bed and rip out all of the carpeting. *Id*. Mr. Overly testified that Appellant thought that aliens lived in the walls of the house. *Id*. Mr. Overly also testified that the transmission fluid and gasoline should have been in the garage, and there was no reason for those items to be in the basement. *Id*. at 86-87.

The Commonwealth also presented the testimony of the detective who interviewed Appellant. Detective Kenneth Lockhart testified that during the interview, Appellant informed him that there were demons in the basement that came out of a portal and told him what to do. N.T., Trial, 6/11/15, at 118. Appellant stated that it was "very likely that I could have started the fire, but I don't know." *Id*.

In order to establish the danger the fire posed, the Commonwealth presented the testimony of Lieutenant Cody Bowen of the Ephrata Fire Department. He testified that twenty-five firefighters responded to the fire at Appellant's home. N.T., Trial, 6/11/15, at 42. Lieutenant Bowen stated that the firefighters entered the house and proceeded to the basement. *Id*. at 45. He said that being in a basement during a fire is especially dangerous because, with only one way out, there is a risk of getting trapped. *Id*. Moreover, Lieutenant Bowen stated that an additional danger of being in a

basement is the risk that the floor above will collapse due to the fire. *Id*. at 46.

After reviewing the evidence in the light most favorable to the Commonwealth, we conclude that there was sufficient evidence to find Appellant guilty of arson endangering persons. The testimony reflected that Appellant was seen coming from the house as it was burning. He was not surprised when he was told that the house was on fire. He was tormented by aliens and demons he perceived to be living in the house, and he admitted placing firewood in the wood box earlier in the day, prior to witnesses seeing the house on fire. While circumstantial, the aforementioned testimony connected Appellant to the fire in time and proximity. Appellant's delusions of aliens and demons, which he stated may have caused him to start the fire, coupled with his admission that he stocked the wood box before the fire and his lack of surprise that the house was burning, cause this Court to conclude there was sufficient evidence to find Appellant guilty of arson. Additionally, the fire endangered the firefighters who were tasked with entering the burning structure to extinguish the blaze. Thus, we agree that a challenge to the sufficiency of the evidence is frivolous.

Next, Appellant contests the discretionary aspects of his sentence. We note that there is no automatic right to appeal the discretionary aspects of a sentence. *Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super.

2014); citing 42 Pa.C.S. § 9781(b). Rather, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id*. at 1038-1039. As we observed in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528 (Pa. Super. 2006)). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. *Id*. (citing **Commonwealth v. Mann**, 820 A.2d 788 (Pa. Super. 2003)).

Here, we conclude that Appellant failed to satisfy the requirements for appellate review because he did not present this challenge at his sentencing hearing or in a post-sentence motion. Therefore, we agree with counsel that this claim of error is frivolous because the issue was waived. **Anders** Brief at 9.

In his third issue, Appellant disputes the legality of his sentence. As a general rule, "an illegal sentence is one that exceeds the jurisdiction or power of the sentencing court to impose." *Commonwealth v. Tobin*, 89 A.3d 663, 668 (Pa. Super. 2014) (citation omitted). "The two most basic and classic examples of an illegal sentence are sentences that exceed the statutory maximum and a sentence imposed by a court without jurisdiction." *Id*. Here, Appellant was convicted of arson, which was graded as a felony of the first degree, and the statutory maximum sentence was twenty years of incarceration. 18 Pa.C.S. § 1103. Accordingly, Appellant's sentence of five to twenty years of incarceration did not exceed the statutory limits and was, therefore, a legal sentence.

Finally, Appellant alleges that trial counsel was ineffective for failing to file a suppression motion. However, counsel for Appellant concedes that pursuant to *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002),[2] this claim is not proper on direct appeal and should be raised in a petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Anders Brief at 10-11. We agree with counsel's assessment that this claim of ineffectiveness must await collateral review. Accordingly, we need not address it further.

_____

[2] In *Grant*, our Supreme Court held that, as a general rule, claims concerning ineffectiveness of counsel should await collateral review rather than be addressed on direct appeal. *Grant*, 813 A.2d at 738.

We have independently reviewed the record in order to determine if counsel's assessment about the frivolous nature of the present appeal is correct. *See Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (after determining that counsel has satisfied the technical requirements of *Anders* and *Santiago*, this Court must conduct an independent review of the record to determine if there are additional, non-frivolous issues overlooked by counsel). After review of the issues raised by counsel and our independent review of the record, we conclude that an appeal in this matter is frivolous. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/12/2016

- 10 -