J-S25027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DUANE COOLEY, SR. | |
| Appellant | No. 1293 WDA 2015 |

Appeal from the Judgment of Sentence July 29, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001836-2014

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                              **FILED MAY 04, 2016**

Appellant, Duane Cooley, Sr., appeals from the July 29, 2015 aggregate judgment of sentence of 13½ to 27 years' imprisonment, imposed after he was found guilty of possession with intent to deliver (PWID), intentional possession of a controlled substance, possession of drug paraphernalia, receiving stolen property, and persons not to possess a firearm.[1]  After careful review, we affirm.

We summarize the relevant procedural history of this case as follows. On August 15, 2014, the Commonwealth filed an information, charging Appellant with the above-mentioned offenses.  Appellant filed a brief in support of a motion to suppress on June 10, 2015, although at that point, no

_____

[1] 35 P.S. §§ 780-113(a)(30), 780-113(a)(16), 780-113(a)(32), 18 Pa.C.S.A. §§ 3925(a) and 6105(a.1)(1), respectively.

suppression motion had been filed. Appellant filed his suppression motion on June 17, 2015, the day before trial. The certified record does not indicate any action by the trial court on the motion. The next day, on June 18, 2015, Appellant filed a motion to allow a suppression motion to be filed *nunc pro tunc*. Again, the record does not reveal that the trial court acted on the motion.

Appellant proceeded to a two-day jury trial beginning on June 18, 2015, at the conclusion of which, the jury found Appellant guilty of all charges. On July 29, 2015, the trial court imposed an aggregate sentence of 13½ to 27 years' imprisonment.[2] That same day, Appellant filed a timely post-sentence motion, raising the merits of his untimely suppression motion and an ineffective assistance of counsel claim, which the trial court denied on August 6, 2015. On August 21, 2015, Appellant filed a timely notice of appeal.[3]

_____

[2] Specifically, the trial court sentenced Appellant to 72 to 144 months' imprisonment for PWID, no further penalty for intentional possession of a controlled substance, 6 to 12 months for possession of drug paraphernalia, 30 to 60 months for receiving stolen property and 60 to 120 months for the firearms charge. The sentence for possession of drug paraphernalia was to run concurrently to the sentence for PWID, but all other sentences were to run consecutively.

[3] The trial court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Although Appellant filed a *pro se* Rule 1925(b) statement on August 17, 2015, before his notice of appeal was filed, the trial court properly forwarded the same to counsel pursuant to Pennsylvania Rule
*(Footnote Continued Next Page)*

On appeal, Appellant raises the following three issues for our review.

> [1.]    [Whether] the search of the house in this case was conducted without a warrant and without exigent circumstances and was therefore illegal, and all fruits of the search should be suppressed in this case[?]
>
> [2.]    [Whether] the verdict in this case was against the weight of the evidence in that there was no evidence presented that [Appellant] had touched the gun that was found or that the scales were used for drug transactions[?]
>
> [3.]    [Whether] the sentence in this case was manifestly excessive and clearly unreasonable when the [trial] court sentenced him in the aggravated range without providing sufficient reasons for the sentence on the record[?]

Appellant's Brief at 2-3 (footnote omitted).

In his first issue, Appellant avers that the search of the house at issue in this case was unconstitutional, as it was done with neither a warrant nor exigent circumstances. Appellant's Brief at 8. However, the trial court's Rule 1925(a) opinion states that Appellant's omnibus pre-trial motion was untimely filed. Trial Court Opinion, 9/5/15, at 1; **see also** Pa.R.Crim.P. 579(A) (stating, "omnibus pretrial motion for relief shall be filed and served within 30 days after arraignment, unless opportunity therefor did not exist, or the defendant or defense attorney, or the attorney for the

_____
*(Footnote Continued)*

of Criminal Procedure 576(A)(4). The trial court filed a one-page Rule 1925(a) opinion on September 15, 2015. It appears to address the issues raised in Appellant's post-sentence motion.

Commonwealth, was not aware of the grounds for the motion, or unless the time for filing has been extended by the court for cause shown[]"). Appellant's brief only addresses the merits of the suppression motion, not the trial court's conclusion as to its untimeliness. **See generally** Appellant's Brief at 8-10. Nor does Appellant pursue the issue that the trial court should have granted his motion to allow him to file a suppression motion *nunc pro tunc*. Because Appellant's brief is devoid of any argument that challenges the trial court's conclusion on the motion's untimeliness, Appellant has waived this issue. **See generally** Pa.R.A.P. 2119(a); **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) (concluding that courts will not consider an argument where an appellant fails to cite to any legal authority or otherwise develop the issue), *cert. denied*, **Johnson v. Pennsylvania**, 562 U.S. 906 (2010). Since Appellant has waived all arguments regarding the trial court's untimeliness conclusion, and we may not raise the issue *sua sponte*, we are precluded from reaching the merits of Appellant's suppression claim. **See Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted) (stating, "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant[]"), *appeal denied*, 29 A.3d 796 (Pa. 2011).

In his second issue, Appellant argues that the jury's verdict was against the weight of the evidence. Appellant's Brief at 10-11. However, before we may address these claims, we must consider whether Appellant

- 4 -

has waived these issues for lack of preservation in the trial court. Pennsylvania Rule of Criminal Procedure 607 discusses claims pertaining to the weight of the evidence and provides, in relevant part, as follows.

> **Rule 607. Challenges to the Weight of the Evidence**
>
> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
>> (1) orally, on the record, at any time before sentencing;
>>
>> (2) by written motion at any time before sentencing; or
>>
>> (3) in a post-sentence motion.

Pa.R.Crim.P. 607(A); *see also* Pa.R.A.P. 302(a) (stating, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal[]"). Our Supreme Court has explained that preserving a weight of the evidence claim in the trial court is important because the failure to do so "deprive[s the trial] court of an opportunity to exercise discretion on the question of whether to grant a new trial." *Commonwealth v. Sherwood*, 982 A.2d 483, 494 (Pa. 2009) (footnote omitted), *cert. denied*, *Sherwood v. Pennsylvania*, 559 U.S. 1111 (2010).

As noted above, Appellant filed a timely post-sentence motion, but said motion was limited to the claim that his untimely suppression motion had merit, and that trial counsel was ineffective for not filing said motion in a timely manner. Appellant's Post-Sentence Motion, 7/29/15, at 1.

Appellant did not raise, in his post-sentence motion, the argument that the jury's verdict was against the weight of the evidence. In addition, we have reviewed the record, and Appellant did not raise this issue in any manner prior to or during sentencing. Instead, Appellant raised this issue for the first time in his appellate brief. As a result, we conclude Appellant's weight of the evidence claim is waived for want of preservation. **See id.**; Pa.R.Crim.P. 607(A); Pa.R.A.P. 302(a).

In his third issue, Appellant avers that the trial court imposed a sentence that is "manifestly extreme and clearly unreasonable, and not individualized as required by law." Appellant's Brief at 11. At the outset, we note that Appellant's argument pertains to the discretionary aspects of his sentence. It is axiomatic that in this Commonwealth, "[t]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." **Commonwealth v. Tobin**, 89 A.3d 663, 666 (Pa. Super. 2014) (citation omitted). When an appellant raises an argument pertaining to the discretionary aspects of the sentence, this Court considers such an argument to be a petition for permission to appeal. **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1265 (Pa. Super. 2014) (*en banc*) (citation omitted), *appeal denied*, 104 A.3d 1 (Pa. 2014). "[A]n [a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." **Commonwealth v. Cartrette**,

83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted).

Prior to reaching the merits of a discretionary aspects of sentencing issue, this Court is required to conduct a four-part analysis to determine whether a petition for permission to appeal should be granted. ***Commonwealth v. Trinidad***, 96 A.3d 1031, 1039 (Pa. Super. 2014) (citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014). Specifically, we must determine the following.

> (1) [W]hether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

*Id.*

In the case *sub judice*, Appellant filed a timely post-sentence motion and notice of appeal. However, as we have explained, Appellant's post-sentence motion was limited to the claim that his untimely suppression motion had merit, and that trial counsel was ineffective for not filing said motion in a timely manner.[4] Appellant's Post-Sentence Motion, 7/29/15, at

_____

[4] Appellant's brief correctly acknowledges that any issue as to counsel's ineffectiveness must wait until collateral review pursuant to the Post Conviction Relief Act. Appellant's Brief at 10 n.4; ***see also Commonwealth***
*(Footnote Continued Next Page)*

1.  Appellant did not raise any issue pertaining to the discretionary aspects of his sentence in his post-sentence motion. Moreover, we have reviewed the sentencing transcript, and Appellant did not raise this issue during the sentencing hearing. As a result, Appellant has failed to preserve this issue for our review, and we deny his petition for permission to appeal the discretionary aspects of his sentence on this basis. *See Trinidad*, *supra*.

Based on the foregoing, we conclude all of Appellant's issues on appeal are either waived or devoid of merit. Accordingly, the trial court's July 29, 2015 judgment of sentence is affirmed.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/4/2016


_(Footnote Continued)_ ————————————————

*v. Holmes*, 79 A.3d 562, 576 (Pa. 2013) (stating that in general, "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal[]"). We therefore express no opinion on any ineffectiveness issue.