J-A01005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TYREE SANDERS :
:
Appellant : No. 3927 EDA 2017

Appeal from the Judgment of Sentence October 10, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0331711-1994

BEFORE:  OTT, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 15, 2019**

Tyree Sanders appeals from the judgment of sentence imposed October 10, 2017, in the Philadelphia County Court of Common Pleas.  The trial court resentenced Sanders to a term of 30 years to life imprisonment, following his jury conviction of second-degree murder, robbery, conspiracy and possessing an instrument of crime ("PIC"),[1] for the 1994 robbery and murder of George Patterson.  On appeal, Sanders challenges the legality and discretionary aspects of his sentence.  For the reasons below, we affirm.

The facts underlying Sanders' arrest and conviction are well-known to the parties and need not be reiterated in detail herein.  In summary, on the afternoon of February 27, 1994, 16-year-old Sanders, with several other young men including co-defendant Carl Wilkins, planned to rob the victim,

---

[1] **See** 18 Pa.C.S. §§ 2502(b), 3701, 903, and 907, respectively.

Patterson. During the course of the robbery, Sanders shot and killed Patterson. Sanders confessed to the police, and maintained that the gun, provided to him by Wilkins, accidentally discharged when he retrieved it from his pocket to scare Patterson. *See* Trial Court Opinion, 1/23/2018, at 2-3 (citation omitted).

Sanders was arrested and charged with the aforementioned offenses. He proceeded to a jury trial with co-defendant Wilkins. The ensuing factual and procedural history of this case was summarized by the trial court as follows:

> On February 23, 1996, the jury convicted [Sanders] of second-degree murder, robbery, conspiracy to commit murder, and [PIC]. On July 30, 1996, [the trial court] sentenced [Sanders] to the then-mandatory term of life imprisonment without parole for second-degree murder, and concurrent sentences of ten to twenty years of imprisonment for robbery, five to ten years of imprisonment for conspiracy, and two and one-half to five years of imprisonment for PIC, for a total sentence of life imprisonment without parole.
>
> [Sanders] appealed and on December 12, 1997, the Superior Court affirmed his judgment of sentence. On December 26, 1997, [Sanders] filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which was denied on December 23, 1998. [*See Commonwealth v. Sanders*, 706 A.2d 1258 (Pa. Super 1997) (unpublished memorandum), *appeal denied*, 734 A.2d 394 (Pa. 1998).]
>
> In 2016, a three-judge *en banc* panel for the Philadelphia County Court of Common Pleas was established to decide all questions of law concerning the resentencing of juveniles previously sentenced to life without parole.[2] On October 28, 2016, the *en banc* panel was presented with fifteen questions of law. On April 13, 2017, the *en banc* panel issued its opinion addressing each question of law.

_____

[2] In 2016, the First Judicial District of Pennsylvania, Court of Common Pleas, adopted "General Court Regulation No. 1 of 2016." The Regulation established procedures for juvenile lifers previously sentenced to life without parole to have an opportunity to show that their crimes did not reflect irreparable corruption and that they should be considered for release on parole. For further discussion on what necessitated the regulation, **see Miller v. Alabama**, 132 S.Ct. 2455 (2012) and **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016).

_____

On October 10, 2017, this Court vacated [Sanders'] sentences and resentenced him to thirty years to life imprisonment for second-degree murder, and imposed no further penalty on the conspiracy and PIC charges. [The court found Sanders' robbery conviction merged with second-degree murder for sentencing purposes.] On October 20, 2017, [Sanders] filed a motion for reconsideration of sentence, which this Court denied on October 31, 2017.

On November 29, 2017, [Sanders] filed a notice of appeal to the Superior Court. On December 21, 2017, in response to this Court's order, [Sanders] filed a timely 1925(b) Statement.

Trial Court Opinion, 1/23/2018, at 1-2 (some capitalization and footnotes omitted).

By way of background, in **Miller v. Alabama**, 567 U.S. 460 (2012), the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" **Id.** at 465. Under **Miller**, a trial court is not foreclosed from imposing a sentence of life imprisonment without parole on a juvenile; however, before doing so the court is required to "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in

prison." *Id.* at 480. Thereafter, in October of 2012, the Pennsylvania legislature enacted 18 Pa.C.S. § 1102.1, to address the Supreme Court's holding in *Miller*. The statute provides mandatory minimum sentences for juvenile offenders who are convicted of first- or second-degree murder.[2] *See* 18 Pa.C.S. § 1102.1(a), (c). However, by its very terms, the statute applies only to those "convicted after June 24, 2012." 18 Pa.C.S. §§ (a)(1) and (c)(1).

In January of 2016, the United States Supreme Court issued its decision in *Montgomery v. Louisiana*, ____ U.S. ____, 136 S.Ct. 718 (2016), holding the *Miller* decision constituted a new substantive rule that must be applied retroactively to cases on collateral review. *See id.* at 732-737. Following *Miller* and *Montgomery*, our Supreme Court decided *Commonwealth v. Batts*, 163 A.3d 410 (Pa. 2017) (*Batts II*), which addressed the procedural requirements for sentencing a juvenile homicide defendant in this Commonwealth. *See id.* at 459-460 (holding there is a presumption against imposition of life without parole sentence for juvenile murder defendants; Commonwealth must provide notice of its intent to seek such a sentence; Commonwealth must rebut the presumption with proof beyond a reasonable doubt that "juvenile offender is permanently incorrigible and thus is unable to be rehabilitated[;]" and the court must consider the factors announced

---

[2] For a juvenile, like Sanders, who was convicted of second-degree murder for an act he committed when he was under the age of 18 but older than 15, the statute calls for a minimum term of imprisonment of "at least 30 years to life." 18 Pa.C.S. § 1102.1(c)(1).

in ***Miller*** and [18 Pa.C.S. §] 1102.1(d)" before imposing a sentence of life without parole).

Sanders' first issue presents a challenge to the legality of his sentence. "When reviewing the legality of a sentence, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Melvin***, 172 A.3d 14, 19 (Pa. Super.2017) (citation omitted), *appeal denied*, 187 A.3d 207 (Pa. 2018).

Sanders maintains the 30 years to life sentence imposed by the trial court upon resentencing is "unconstitutionally long on both ends[.]" Sanders' Brief at 12. He argues "the U.S. Constitution does not permit a minimum sentence longer than time-served, and it does not permit an automatic tail sentence of life" imprisonment. ***Id.***

With regard to the minimum term, Sanders insists the Pennsylvania Supreme Court's decision in ***Batts II*** acknowledged, "there is no minimum sentence in place in Pennsylvania for murder in pre-***Miller*** cases where the juvenile offender is to be parole-eligible." Sanders' Brief at 13. Relying upon the federal district court's decision in ***Songster v. Beard***, 201 F.Supp.3d 639 (E.D. Pa. 2016), Sanders argues, "a time served minimum sentence is the only legal, constitutionally-valid minimum sentence under his circumstances." Sanders' Brief at 14.

He also contends the imposition of a mandatory maximum term of life imprisonment is unconstitutional and violates the mandates of proportionality and individualized sentencing. ***See id.*** Sanders maintains that by requiring

a mandatory term of life for the tail of the sentence, a juvenile defendant's eligibility for release will lie solely with the Parole Board, which "would be an abdication of the judicial responsibility of sentencing." *Id.* at 15.

The trial court found Sanders' challenge to the legality of his sentence was "thoroughly resolved" by the Pennsylvania Supreme Court in *Batts II*. Trial Court Opinion, 1/23/2018, at 4. We agree. With regard to a permissible minimum sentence, the *Batts II* Court opined:

> In determining the minimum sentence for a juvenile convicted of first-degree murder prior to *Miller*, a sentencing court is to exercise its discretion to find the appropriate, individualized sentence in each case, just as it would when fashioning the minimum sentence for any other defendant before it.

*Batts II*, *supra*, 163 A.2d at 443. Indeed, the focus of the *Miller* decision was the unconstitutionality of imposing a mandatory life sentence **without the possibility for parole** on a juvenile officer "who may be capable of rehabilitation." *Id.* at 452.

This Court's recent decision in *Commonwealth v. Lehman*, ___ A.3d ___ [2019 PA Super 2] (Pa. Super. Jan. 4, 2019), is instructive. In that case, the defendant, like Sanders, was convicted of a murder he committed when he was a juvenile, and sentenced in 1990 to life imprisonment without parole. In April of 2017, after obtaining relief pursuant to *Miller* and *Montgomery*, the defendant was resentenced to a term of 30-years to life for his conviction of first-degree murder. *See id.* at *1-*2. On appeal, he argued, *inter alia*, "there was no statutory authority by which the trial court could sentence [him] for first-degree murder because 18 Pa.C.S.A. § 1102[, which mandates a term

of life imprisonment for first- and second-degree murder,] when combined with 61 Pa.C.S.A. § 6137(a)(3), [which precludes the parole board from granting parole any time before the minimum term of imprisonment,] was deemed unconstitutional in **Miller**." **Id.** at *2. Therefore, the defendant claimed, upon resentencing, the trial court's only options were to sentence him for third-degree murder or discharge him. **See id.** Relying upon **Batts II** and several decisions of this Court, the panel rejected this argument, opining:

> The sentencing options available to the trial court offered **no mandatory minimum** and a mandatory maximum term of life imprisonment. The trial court imposed such a sentence. Hence, [the defendant's] sentence of 30 years to life imprisonment was legal.

**Id.** at *3 (emphasis supplied). Sanders' contention in the present case is similarly meritless.

Sanders also insists the imposition of a "mandatory maximum tail of life is unconstitutional." Sanders' Brief at 14. He contends a mandatory maximum life sentence violates the "constitutional mandate of proportionality" and denies a juvenile offender a "meaningful opportunity for release" because it places the authority to grant release within the sole discretion of the parole board. **Id.** at 14-15. The Commonwealth agrees with this position, and advocates:

> [W]here defendants have demonstrated that they have been rehabilitated or that they have the capability of being rehabilitated, the mandatory imposition of continued, lifetime punishment is disproportionate, and violates the requirement of individualized sentencing set forth in **Miller**.

Commonwealth's Brief at 11 (footnote omitted).[3]

However, as the Commonwealth recognizes in its brief, this Court has "repeatedly" rejected the claim that the imposition of a mandatory maximum sentence of life imprisonment for a juvenile convicted of first or second-degree murder is illegal. **See Commonwealth v. Olds**, 192 A.3d 1188, 1197-1198 (Pa. Super. 2018) (holding imposition of mandatory maximum term of life imprisonment for juvenile defendant convicted of second-degree murder prior to **Miller** was constitutional), *appeal denied*, ___ A.3d ___ [297 WAL 2018] (Pa. Dec. 11, 2018); **Commonwealth v. Sesky**, 170 A.3d 1105, 1109 (Pa. Super. 2017) (holding trial court imposed an illegal sentence when it resentenced juvenile defendant convicted of first-degree murder prior to **Miller** to term of 13 to 26 years' imprisonment; court was required to impose mandatory maximum sentence of life imprisonment); **Commonwealth v. Battles**, 169 A.3d 1086, 1089-1090 (Pa. Super. 2017) (holding trial court's imposition of mandatory maximum term of life imprisonment upon resentencing of juvenile defendant convicted of first-degree murder prior to **Miller** was legal). The **Olds** Court summarized the state of the law as follows:

> [W]e affirm that trial courts **must sentence** juveniles convicted of second-degree murder prior to June 25, 2013 to a maximum term of life imprisonment under section 1102(b).

---

[3] Both Sanders and the Commonwealth rely upon the decision of the federal district court in **Songster**, **supra**. However, we emphasize that decision is not "binding authority" in Pennsylvania courts. **Commonwealth v. Olds**, 192 A.3d 1188, 1197 n.18 (Pa. Super. 2018), *appeal denied*, ___ A.3d ___ [297 WAL 2018] (Pa. Dec. 11, 2018);

***Olds***, ***supra***, 192 A.3d at 1198 (emphasis supplied).  Accordingly, Sanders' claim has been rejected by several other panels of this Court, and we are "not empowered to overrule another panel of the Superior Court." ***Commonwealth v. Beck***, 78 A.3d 656, 659 (Pa. Super. 2013).  ***See also Commonwealth v. Davis***, 188 A.3d 454, 458 n.2 (Pa. Super. 2018) ("Under the doctrine of *stare decisis*, a panel must adhere to the precedents that this Court's prior panels have handed down.").  Accordingly, Sanders is entitled to no relief on his challenge to the legality of his sentence.

In his final two arguments, Sanders challenges the discretionary aspects of his sentence.  Specifically, he asserts the trial court considered impermissible facts in imposing his sentence, as well as criminal conduct for which he was not convicted.  ***See*** Sanders' Brief at 15-17.  Sanders also insists the court failed to properly weigh the sentencing evidence, particularly the negative impact of his drug-dealing biological father, and his improved maturity while in prison.  ***See id.*** at 17-19.

A defendant does not have an absolute right to challenge the discretionary aspects of his sentence on appeal.  ***Commonwealth v. Tobin***, 89 A.3d 663, 666 (Pa. Super. 2014) (citation omitted).  Rather, when a defendant raises a discretionary sentencing claim in his brief, "this Court considers such an argument to be a petition for permission to appeal." ***Commonwealth v. Dawson***, 132 A.3d 996, 1005 (Pa. Super. 2015) (citation omitted).  "[A]n '[a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under

the sentencing code.'" ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (citation omitted).

> Prior to reaching the merits of a discretionary aspects of sentencing issue, this Court is required to conduct a four-part analysis to determine whether a petition for permission to appeal should be granted. ***Commonwealth v. Trinidad***, 96 A.3d 1031, 1039 (Pa. Super. 2014) (citation omitted), *appeal denied*, 627 Pa. 758, 99 A.3d 925 (2014). Specifically, we must determine the following.
>
> > (1) [W]hether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).
>
> ***Id.***

***Dawson***, ***supra***, 132 A.3d at 1005.

Here, Sanders filed a timely notice of appeal, and preserved his claims in a timely-filed post-sentence motion. ***See*** Motion to Modify Sentence Pursuant to Pa.R.Crim.P. 720, 10/20/2017, at 5-9. However, Sanders did not include in his brief the requisite statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). The law is clear:

> [W]hen the appellant has not included a Rule 2119(f) statement and the [Commonwealth] has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate, or enforce the requirements of Pa.R.A.P. 2119(f) *sua sponte*, *i.e.*, deny allowance of appeal. However, this option is lost if the [Commonwealth] objects to a 2119(f) omission. In such circumstances, this Court is precluded from reviewing the merits of the claim and the appeal must be denied.

*Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa. Super. 2004) (internal citations omitted). *See also Dawson*, *supra*, 132 A.3d at 1005 (denying appellant's petition for permission to appeal discretionary aspects of sentencing when appellant failed to include Rule 2119(f) statement and Commonwealth objected).

As noted above, Sanders failed to include the requisite Rule 2119(f) statement in his brief.[4] Moreover, the Commonwealth has objected to this briefing defect. *See* Commonwealth's Brief at 13. Accordingly, we are precluded from considering his remaining sentencing claims on appeal.[5] *Kiesel*, *supra*.

Judgment of sentence affirmed.

---

[4] Nor did Sanders even attempt to explain how his claims raised a substantial question in the argument portion of his brief. *See* Sanders' Brief at 15-19

[5] In his reply brief, Sanders urges this Court to decide this issue on the merits because "[t]he Commonwealth has made no argument that it suffered any actual prejudice, or that any alleged procedural violations affect this appeal in any way." Sanders' Reply Brief at 2. However, he cites no case law supporting his claim that the Commonwealth must demonstrate prejudice, or that we may overlook this particular procedural defect. Indeed, the law is clear that Sanders' omission, followed by the Commonwealth's objection, precludes our review. *See Kiesel*, *supra*; *Dawson*, *supra*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/15/19