J-S46028-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ANGELA STEWART :
:
Appellant : No. 384 WDA 2025

Appeal from the Judgment of Sentence Entered October 7, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005085-2022

BEFORE: BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY NICHOLS, J.: **FILED: APRIL 14, 2026**

Appellant Angela Stewart appeals from the judgment of sentence imposed after she entered a guilty but mentally ill plea to third-degree murder.[1] On appeal, Appellant challenges the discretionary aspects of her sentence. We affirm.

We adopt the trial court's summary of the facts and procedural history underlying this appeal. *See* Trial Ct. Op., 5/8/25, at 1-3. Briefly, Appellant was arrested and charged with one count of criminal homicide[2] following the 2022 stabbing death of her neighbor, Rasheed McKamey. *Id.* at 2. On July 22, 2024, Appellant pled guilty but mentally ill to third-degree murder. The trial court deferred sentencing pending the preparation of a pre-sentence

_____

[1] 18 Pa.C.S. § 2502(c).

[2] 18 Pa.C.S. § 2501(a).

investigation (PSI) report. On October 7, 2024, the trial court sentenced Appellant to a term of fifteen to thirty years' incarceration.[3] Appellant did not file a notice of appeal.

On November 12, 2024, Appellant filed a *pro se* motion before the trial court. Following a hearing on November 21, 2024, the trial court appointed counsel, who subsequently filed a Post-Conviction Relief Act[4] (PCRA) petition seeking to reinstate Appellant's post-sentence motion and direct appeal rights *nunc pro tunc*. The PCRA court ultimately granted the petition. Appellant filed a post-sentence motion, which the trial court denied.

Appellant subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement.[5] The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following claim for review: "In sentencing [Appellant] to a standard-range sentence of 15-30 years' incarceration, whether the trial court committed an abuse of discretion where

---

[3] The offense gravity score (OGS) for third-degree murder is fourteen. At the time of sentencing, Appellant's prior record score (PRS) was a zero. Therefore, the Sentencing Guidelines set forth a standard minimum range of 90 to 240 months, with a mitigated range of 78 months. **See** 204 Pa. Code § 303a.14.

[4] 42 Pa.C.S. §§ 9541-9546.

[5] Therein, Appellant argued that the trial court abused its discretion by imposing a standard-range sentence by failing to consider mitigating factors and focusing solely on the seriousness of the offense. **See** Rule 1925(b) Statement, 4/29/25.

its sentence was based solely on the seriousness of [Appellant's] crime, in violation of 42 Pa.C.S. § 9721(b)?" Appellant's Brief at 4.[6]

Appellant argues that although the trial court mentioned the PSI report and Appellant's mental health diagnosis at sentencing, "those references were fleeting and inconsequential in the grand scheme of things, as they were always sandwiched between the trial court's belaboring the egregious nature of [Appellant's] crime." *Id.* at 38-39. Appellant acknowledges that the existence of the PSI report "creates the presumption that the trial court considered and properly weighed all sentencing factors" but relies on *Commonwealth v. McCain*, 176 A.3d 236, 243 (Pa. Super. 2017), to argue that "the presumption is rebuttable" under the circumstances of this case. *Id.* at 40.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987,

---

[6] We note that in her brief, Appellant also argues that the trial court considered improper factors in imposing Appellant's sentence. *Id.* at 29-35. Specifically, Appellant refers to the trial court's comments about her prior arrests and the fact that she "got a break . . . [by] pleading guilty to third degree murder because factually it is a first degree murder case." *Id.* at 32. However, a claim that the trial court relied on impermissible sentencing factors implicates the discretionary aspects of sentencing, rather than legality. *See Commonwealth v. Tobin*, 89 A.3d 663, 669 (Pa. Super. 2014). Therefore, because Appellant did not preserve this issue in her Rule 1925(b) statement, it is waived. *See Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (explaining that "[a]ny issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived" (citation omitted)); *see also* Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

991 (Pa. Super. 2016) (citations omitted).  Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

**Commonwealth v. Corley**, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." **Commonwealth v. Malovich**, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); **see also** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Battles**, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted).  "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms

which underlie the sentencing process." ***Commonwealth v. Grays***, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record reflects that Appellant preserved this issue by raising it in her post-sentence motion, filing a timely notice of appeal and a court-ordered Rule 1925(b) statement, and including a Rule 2119(f) statement in her brief. ***See Corley***, 31 A.3d at 296. Further, Appellant's claim raises a substantial question for our review. ***See Commonwealth v. Coulverson,*** 34 A.3d 135, 143 (Pa. Super. 2011) (finding a substantial question where the appellant argued that the trial court focused solely on the seriousness of the offense and did not consider his rehabilitative needs).

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the

application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

*Raven*, 97 A.3d at 1253-54 (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on [the] victim and community, and [the] rehabilitative needs of the defendant." *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender."

*Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted).

Additionally, the trial court "must consider the sentencing guidelines." *Fullin*, 892 A.2d at 848 (citation omitted). However, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Edwards*, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted and formatting altered).

The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. *See Commonwealth v. Kurtz*, 294 A.3d 509, 536 (Pa. Super. 2023), *affirmed*, 348 A.3d 133 (Pa. 2025). In conducting appellate review, this Court "cannot reweigh sentencing factors and impose judgment in place of sentencing court where lower court was fully aware of all mitigating factors." *Id.* (citation omitted).

Here, the trial court explained:

> [Appellant] contends that the court abused its discretion by imposing a sentence of fifteen to thirty years incarceration. [Appellant] claims that the court violated 42 Pa.C.S. § 9721(b) by failing to consider [Appellant]'s personal history, character, and treatment and rehabilitative needs. [Appellant] also claims that the court violated 42 Pa.C.S. § 9721(b) by basing this sentence solely on the seriousness of the crime. The record squarely undermines [Appellant]'s claims. For the following reasons, the judgment of sentence is affirmed.

In this appeal, [Appellant] contends that the court failed to consider [Appellant]'s personal history, character, treatment and rehabilitative needs, and her serious mental health conditions. As a preliminary matter, it should be noted that the court ordered and reviewed a [PSI] report. The Superior Court has held that when the court possesses a PSI report, there is a presumption that the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Leatherby*, 116 A.3d 72, 83-84 (Pa. Super. 2015). The transcript reflects that not only did the court possess the report, but the court expressly referred to the contents of the report while imposing this sentence. *See* [N.T. Sentencing Hr'g, 10/7/24] at 34, 36, 38, and 40.

The sentencing transcripts shows that when this sentence was imposed, the court thoroughly considered each of these factors. In addition to the PSI report, the transcript shows that the court heard argument from counsel relative to [Appellant]'s mental health and personal history. Addressing [Appellant]'s mental health, defense counsel, Attorney Raiford advised the court that [Appellant] had been diagnosed with "bipolar disorder, schizophrenia, anxiety, depression and still hears voices in her head." [N.T. Sentencing Hr'g] at 4. Attorney Raiford specifically noted that "at the time of this incident, [Appellant] was under psychotic attack." [N.T. Sentencing Hr'g] at 5. Attorney Raiford also outlined aspects of [Appellant]'s personal history, noting that both [Appellant]'s father and mother suffered from mental illness. [N.T. Sentencing Hr'g] at 4. ADA Bragle advised the court that the plea offer, guilty but mentally ill to third degree murder, recognized "the mental health component in this case and the state that both mental health experts indicate that the defendant was suffering from at the time of this incident." [N.T. Sentencing Hr'g] at 9.

The transcript reflects that the court accepted and reviewed the pleadings, [PSI] report and psychological evaluations submitted by the parties. These documents informed the court regarding [Appellant]'s personal history, character and mental health. In assessing [Appellant]'s history, the court noted: "There was an elderly lady in the neighborhood in her 60s who reported that she carried around a frying pan in her purse because she was concerned about the things that [Appellant] had said and done to her. And out of concern for her safety, that is what she did. She kept a frying pan, an omelet cast iron skillet in her purse to protect

herself from [Appellant]." [N.T. Sentencing Hr'g] at 33. The Court noted that a gentleman "stated he had had words with [Appellant] and she went up to him as he was trying to enter his apartment. She confronted him and began to scream and yell at him and call him names and spit in his face." [N.T. Sentencing Hr'g] at 33.

The court considered [Appellant]'s personal history and character as reported in the PSI. "But then I read the presentence investigation, and I see where she harassed; attacked; spit on; and slashed the tires of a fellow resident at Bedford Hills Apartments; she had a PFA that was served on her, the grandmother of one of her children; on another date, she was involved in a fight with another woman; she's been charged in the past with terroristic threats; simple assault; disorderly conduct; she threatened to kill her neighbors." [N.T. Sentencing Hr'g] at 34.

The court further commented on [Appellant]'s history and character as presented in the pleadings. "I recall in the motion how she would drive home at night with her music blaring, and they would set off alarms. I am not good with names. But I am pretty good when it comes to details like this. She would set off alarms on her street, and when the neighbors would come out to see what was going on, she would cuss them out and threaten them." [N.T. Sentencing Hr'g] at 34.

The court commented on the psychologist's report offered by the defense. "And when I look at — even your psychologist details history of police interactions. And I will go over a few: Dispatched for a fight with [Appellant]; loud and aggressive towards officers; there was another incident there was a PFA on [Appellant]; she was arrested for terroristic threats, simple assault, threatening to kill her neighbors in front of the officer; there was another incident with the police. She was at a club, and the officer—she had interaction with security, and she spit in his face and cussed him out." [N.T. Sentencing Hr'g] at 34-35.

Overall, contrary to the issues raised by [Appellant] in this appeal, the transcript reflects that the court considered [Appellant]'s personal history and character, as well as her mental health condition as documented in the pleadings, [PSI] report, and expert reports. In addition to the documentary evidence, the court heard argument from counsel addressing these concerns. Upon review of [Appellant]'s history and character, the court found [Appellant] had a "concerning" "documented history of

violent, aggressive behavior." [N.T. Sentencing Hr'g] at 35. [Appellant]'s claim that the court abused its discretion by failing to consider her personal history, character, and mental health condition ignores the record. The transcript overwhelmingly demonstrates that the court considered each of these factors. Importantly, the court weighed [Appellant]'s mental health condition and need for rehabilitation. In this regard, it is noteworthy that the court found that "her behavior predates her mental health history." [N.T. Sentencing Hr'g] at 35. For these reasons, the court rejects [Appellant]'s claim that the court failed to consider her history, character, and mental health condition.

For the reasons stated previously, the court rejects [Appellant]'s claim that the sentence was based solely on the seriousness of the crime. The sentencing transcript shows that the court considered the personal history, character and mental health condition. The sentencing analysis, in accordance with sentencing law, was thorough, complete and examined much more than the nature and circumstances of the offense. Imposing sentence, the court stated, "I understand you have a mental health history, but I also understand you have a long, documented history of aggressive violent behavior directed at other people, and it's not okay." [N.T. Sentencing Hr'g] at 41. [Appellant]'s argument that the sentence was based solely on the seriousness of the offense ignores the record.

Trial Ct. Op. at 4-7 (some formatting altered).

Following our review of the record, we discern no abuse of discretion by the trial court. *See Raven*, 97 A.3d at 1253. The record reflects that the trial court ordered a PSI report, which it reviewed prior to sentencing. *See* N.T. Sentencing Hr'g at 40-41. Therefore, we presume that the trial court was fully aware of the mitigating factors and considered them when imposing Appellant's sentence. *See Edwards*, 194 A.3d at 638. Further, the trial court also reviewed a psychological evaluation and acknowledged that Appellant had both a mental health diagnosis and a history of mental health issues. *See*

N.T. Sentencing Hr'g at 41. Although Appellant claims that the trial court placed too much emphasis on the seriousness of her crime, we will not re-weigh the trial court's consideration of the relevant sentencing factors on appeal. **See Kurtz**, 294 A.3d at 536. Therefore, Appellant is not entitled to relief. Accordingly, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.



Benjamin D. Kohler, Esq.
Prothonotary

DATE: 4/14/2026